Sandford *v.* Mayor &c. of New York.

[NEW YORK SPECIAL TERM, October 1, 1860. *Bonney,* Justice.]

————•●•————

## SARAH M. SANDFORD *vs.* THE MAYOR &C. OF THE CITY OF NEW YORK.

An owner of real estate in the city of New York which is liable to assessment for a street improvement, having due notice of the proceedings for making such improvement, cannot allow such proceedings to be taken, and the work to be done, and the assessment therefor to be made and confirmed, and, on demand, pay the amount assessed upon his property, without objection, and then maintain an action against the city, to recover back the money so paid, on the ground that the contract for making the improvement was not awarded to the lowest bidder, as required by law; or that there was irregularity or error in the proceedings for making the assessment; or that the cost of the improvement, assessed upon the property liable to pay for the same, has been unnecessarily increased by the allowance of fraudulent or improper claims or items.

Objections of that nature, to an assessment, should be taken in the course of the proceedings, and made the ground for opposing any action by the assessors, or contesting the allowance by them of any compensation to the contractor, or for reducing the amount by him demanded. But they are not sufficient cause for declaring the whole assessment void or illegal as against a person whose property is assessed.

Nor can such person be permitted, in an action against the city, to demand relief against the assessment, after having omitted to take the objections at the proper time and when duly notified.

He will be held to have paid the assessment voluntarily, and cannot recover the money back.

THE plaintiff in her complaint states that she is the owner of certain lots of land on or near 77th street in the city of New York; that the defendants instituted proceedings for regulating that street, and in October, 1858, demanded of her on the equitable and just assessment on such lots and on her as the owner thereof, for that improvement, the sum of $2641.52, with some interest; that she left the matter to her husband, as her agent, and he, being informed and believing that the defendants could collect the assessment, paid the same in her behalf, and took a receipt therefor. That her husband, when he made such payment, believed the proceedings for said improvement were justly, fairly and legally conducted and carried out by the defendants and their officers and agents, and the plaintiff knew or believed nothing to the contrary; but she has since, on information and belief, learned to the contrary, and avers that in making said improvement and such assessment the defendants wrongfully, fraudulently and illegally managed, carried on and conducted the same, as well on their part as on the part of their agents and officers, in the following particulars, viz: that the contract for doing the work was not awarded to the lowest bidder; that neither the advertised proposals for bids for doing the work, nor the bids or estimates offered, can be found in the street department, but they have been stolen or destroyed with fraudulent intent. That the agreement for making the improvement, executed by the contractor, has been materially and fraudulently altered since the execution, and contains material erasures and obliterations, increasing the prices for which he was to do the work; that the original assessors were not legally superseded, but others illegally made the assessment upon a wrong and incorrect basis; that the amount allowed

for the work of the contractor was $46,149.33, instead of $26,406, his original bid, as appears by the assessment roll and papers thereto annexed, and his wrongful and fraudulent charges went to increase the amount of the assessment, a portion of which was imposed on the plaintiff and her lots. The complaint also stated the payment by the plaintiff, in October, 1858, under substantially the same circumstances, of an assessment amounting to $2455.65, for constructing a sewer in 79th street, in which she also states was by mistake included the sum of $18.36, assessed on other lots, and $18.86, a double assessment on one of her lots. It is further stated that said assessments have not been paid to the contractor, and that the repayment thereof to the plaintiff has been demanded. The defendants in proper form demurred, for that the complaint did not state facts sufficient to constitute a cause of action.

*H. Z. Hayner,* for the plaintiff.

*H. H. Anderson,* for the defendants.

BONNEY, J. There is no allegation in this complaint that any representations whatever were made by the defendants, or any other person, to the plaintiff or her agent, to induce the payment of these assessments. On the contrary it appears that payment was simply demanded as of right, and upon such demand the payment was made. Neither is it stated that the plaintiff had not due notice of the proceedings for making the improvements and assessments referred to, or that by any fraud, misrepresentation or other act of the defendants, or any other person, she was prevented from appearing in the proceedings, or contesting the claims of the contractors for payment of which the assessments were made, or was induced not to contest the same; or that any of the facts stated in the complaint were concealed from the plaintiff or could not have been ascertained by her or her agent,

by examination of papers and documents or by inquiry, as well and as readily before her assessments were made and confirmed as since.   It must therefore be assumed, for the purposes of this decision, (because not otherwise stated,) that all the proceedings for making these assessments and for the confirmation thereof were regularly taken and conducted in due form of law, and that the plaintiff had due notice of such proceedings, and made no opposition thereto or to the allowance of the sums now alleged to be fraudulent or improper. And the question now to be determined is, whether an owner of real estate in New York which is liable to assessment for a street improvement, having due notice of the proceedings for making such improvement, may allow such proceedings to be taken, and the work to be done, and the assessment therefor to be made and confirmed; and on demand pay the amount assessed upon his property without objection, and may afterwards maintain an action against the city to recover back the money so paid, on the ground that the contract for making the improvement was not awarded to the lowest bidder as required by law; or that there was irregularity or error in the proceedings for making the assessment; or that the cost of the improvement assessed upon the property liable to pay for the same has been increased or made exorbitant by the allowance of fraudulent or improper claims or items.   This question is of importance as well to the city as to individual owners of real estate, and requires more careful consideration than I have time to give it.   I can only state the conclusions at which, after brief consideration of the very able arguments of the counsel for the respective parties, I have arrived.

Proceedings for regulating and improving the streets in New York, and assessing and collecting the cost thereof, are regulated by statute, and to be valid must be collected in the manner prescribed.   Every party interested in such proceedings is entitled to notice thereof, and may, at the proper time and place, object to such proceedings, or to any claim made in relation thereto; and all such objections must be consid-

Sandford *v.* Mayor &c. of New York.

ered and adjudicated in the manner provided by statute. When an assessment has been duly confirmed, the amount assessed upon every parcel of land and the owner thereof, becomes prima facie an adjudicated indebtedness of such owner, and a lien upon the land. If, however, there has occurred in the proceedings any such error or irregularity as renders them void for the reason that jurisdiction to make the improvement or assess the cost thereof has not been acquired, such supposed indebtedness and lien will be ineffectual and invalid; but if jurisdiction be obtained, and the proceedings are irregularly conducted, other questions not going to the jurisdiction, as I understand the law, must be taken and determined in the course of the proceedings; and if not so taken, they cannot afterwards be made the reason for resisting the collection of the assessment or questioning the validity of the lien on the land.

The objections stated in this complaint to the assessment in question should, in my judgment, have been taken in the course of the proceedings, and made the ground for opposing any action by the assessors, or contesting the allowance by them of any compensation to the contractor, or for reducing the amount by him demanded. But I do not consider them sufficient cause for declaring the whole assessment void or illegal, as against this plaintiff. Nor can she, in my opinion, be permitted in this action to demand relief against that assessment, after having omitted to take the objections at the proper time and when duly notified.

But if the alleged objections to these assessments are such as would have justified the plaintiff in refusing payment and resisting the collection of the amount, the question still remains, whether, having paid the money, she can maintain an action to recover it back. Payment of the assessment was demanded as of right. The plaintiff acquiesced in the demand and paid the amount. She now alleges that the payment was made under a mistake of fact; that is, that she and her agent then believed that the proceedings in relation

to the assessment had been regular, honest and correct, and that she was legally liable to pay the amount demanded, and that it constituted a lien on her real estate. It is stated in the complaint that the alleged frauds, errors and irregularities now complained of appear by the assessment roll and papers thereto annexed; that is, by the record of the proceedings for making the assessment or by other papers referred to; and there is no allegation of any concealment or misrepresentation by the defendants or any other person, or that any of such supposed frauds, errors or irregularities were not patent on the face of said proceedings and papers, and might not have been discovered and known to the plaintiff or her agent, by examination of said proceedings and papers at any time before such payment was made. It appears then, in effect, that the plaintiff, on request to pay these assessments, claimed to be due upon and by virtue of proceedings taken pursuant to statute and of which she had full notice, paid the amount demanded without objection or examination, and she now seeks to recover back the sums so paid, on the allegation that the said proceedings which are of record, and the other papers referred to, show upon their face that she could not have been compelled to pay such amount if she had refused to do so. In my opinion the facts so alleged do not constitute a cause of action against the defendants. When payment of the assessments was so demanded the plaintiff had the means of ascertaining whether or not she or her property was liable therefor; and having then paid without objection, she must, as I think, be held to have paid voluntarily, and cannot recover back the money. (*See Sprague* v. *Birdsall,* 2 *Cowen,* 419; *Clarke* v. *Dutcher,* 9 *id.* 674; *Fleetwood* v. *Mayor &c. of New York,* 2 *Sandf.* 475; *Harmony* v. *Bingham,* 2 *Kern.* 99; *New York and Harlem R. R. Co.* v. *Marsh, Id.* 308.)

The defendants are entitled to judgment on the demurrer, with leave to the plaintiff to amend her complaint in twenty days, on payment of costs of this demurrer.

[NEW YORK SPECIAL TERM, October 1, 1860. *Bonney,* Justice.]