JEDEDIAH S. CLARK, Respondent, *v.* CHARLES NORTON and others, Assessors of Canton, Appellants.

(GENERAL TERM, THIRD DEPARTMENT, FEBRUARY, 1871.)

The assessors have no authority to make an assessment on the day appointed for the review of their rolls, or after the 1st day of July in each year, before which time (1 R. S., 390, § 8) the persons and property to be assessed must be determined by them.

And after the 1st day of August, they have no power to strike from the roll, except as authorized on the day of review.

And where, on the 18th of August, the review day, the assessors substituted the name of a purchaser of real estate for that of his vendor, to whom it was assessed, and then assessed the vendor for personal property equal in amount to the assessed value of the real estate.—*Held*, that they were personally liable for the tax levied and collected pursuant to such assessment for personal property.

This is an appeal from a judgment entered on a verdict directed by the court, and also from an order refusing a new trial.

The plaintiff, previous to July 8, 1868, was a resident and owner of real estate in the town of Canton, N. Y. The defendants were the assessors of that town for the year 1868. As assessors, the defendants, between the 1st days of May and July of that year, assumed to have ascertained the taxable persons and property in the town, prepared an assessment roll, entered the name of the plaintiff therein as assessed for his real estate, extending the valuation at $2,750, with no assessment for personal property, and completed the roll by the 1st day of August. A copy of the roll was made for inspection, and due notice given of the time and place of review. On the 8th day of July, the plaintiff sold his real estate in the town, the purchaser to pay all taxes brought against it for the year 1868; and on that day plaintiff removed from the town, and has not resided there since.

On the review day, which was August 18th, the plaintiff did not appear before the assessors, nor cause any complaint to be made of the roll. On that day the purchaser of plaintiff's real estate appeared before the assessors, but without any authority from plaintiff, and asked the assessors to transfer to him, the purchaser, the assessment on the roll for real estate against the plaintiff. After consultation, the assessors complied with the purchaser's request; struck out the assessment for real estate against the plaintiff, and assessed it to the purchaser; at the same time, of their own volition, they assessed plaintiff on the roll $2,750 for personal estate.

The roll, as thus amended, was afterward completed and delivered to the supervisor of the town. It was by him pre-

sented to the board of supervisors of the county. That body extended a tax against said plaintiff on said assessment for personal property, and a warrant was issued and delivered to the town collector for collection. By virtue of said warrant that officer collected from the plaintiff $70.70.

Upon the foregoing facts judgment was directed for the plaintiff.

*W. C. Cooke*, for the appellant.

*C. O. Tappan*, for the respondent.

Present—Miller, P. J., Parker and James, JJ.

By the Court—James, J. The only question material to consider in this case is, the power and authority of assessors to make an assessment against an individual after they have completed their roll for review, or on the day set apart for review. If, at that time, assessors have jurisdiction and power to assess persons and property not previously assessed and entered on the roll, the judgment in this case was erroneous, and should be reversed; otherwise, it was right, and the defendants personally responsible for their unauthorized act. Assessors derive all their powers and authority from the statute, and must, to keep themselves exempt from personal liability, necessarily keep themselves strictly within its provisions.

By statute, all property, real and personal, within the State, unless specially exempted, is declared liable to taxation. (1 R. S., 387, § 1.) Real estate must be assessed in the town where located, and personal property to the owner in the town where he resides when the assessment is made. (Id., 389, § 5.) To enable assessors to prepare a list of persons and property for taxation, these officers are vested with power and authority, between the first days of May and July in each year, to ascertain and determine the persons and property within their respective towns liable to assessment (Id.,

390, § 8); then to make a record of such determination and their valuation of the property assessed, by preparing an assessment roll and having the same completed by the 1st day of August. This roll is to be kept for inspection until the third Tuesday of August, on which day any person assessed thereon, feeling himself aggrieved thereby, may make his complaint to said assessors, and they are then authorized to reduce such valuation or strike the assessment out altogether. But the power of review, or modification, does not extend to assessments against which no complaint is made; as to non-complainants, the roll, as completed on the 1st day of August, is final, as to persons, property and valuation. Inferior jurisdictions, deriving their powers wholly from the statute, have not authority to reverse, modify or reconsider their own judicial action. (*The People* v. *Sup. of Schenectady*, 35 Barb., 408.)

The persons and property to be assessed must be determined by the assessors before the 1st day of July in each year. After that date, assessors have no jurisdiction to add names or property; and, after the 1st day of August, have no power to strike from the roll, except as authorized on the day of review. In this view, persons or property coming into a town after the 1st day of July, or property acquired or lost after that date, by residents, cannot legally be added to, or stricken from the roll by the assessors. If real or personal property, liable to assessment on the 1st day of July, be overlooked or omitted from the roll by the assessors, power is given to the board of supervisors to put the same upon the roll, on the application of the assessors, for taxation for the current year (Laws of 1865, p. 818); a legislative construction that such power did not rest with the assessors. It was the determination of the Court of Appeals (*Mygatt* v. *Washburn*, 15 N. Y., 316), that the persons and property to be assessed should be determined by the assessors before the 1st day of July in each year. In that case DENIO, J., said: " In my opinion, the assessment should be considered as made * * * on the 1st day of July. If there is any change

of residence, or ownership of property, after that day, it does not affect the assessment roll. The inquiries are then completed. Any change which the assessors are authorized to make after that time, are such as may be required to correct mistakes. When the statute speaks of the time when the assessment is to be made, it refers to the binding and conclusive act which designates the tax-payers and the taxable property."

In this case the defendants exercised the power devolved upon them, as assessors of the town of Canton, in the months of May and June, and adjudged the plaintiff as liable to assessment for the year 1868, for real property only. With this their power and authority to determine assessments for the current year was exhausted. So, too, before the assessment complained of was made, the time had elapsed in which assessors were empowered to determine who, and what property, should be assessed. In either case the assessors were without authority to make the assessment complained of, and the act was tortious.

I do not deem it important to examine the question of plaintiff's residence at the time the assessment was made; nor the other question, that the property assessed was acquired after the 1st day of July. Either would probably be fatal to the defence.

The case is put on the distinct ground of want of authority and jurisdiction. 1st. Because the authority of the assessors had been exhausted; and, 2d, because the time, in which the assessors had authority to determine and assess persons and property, had expired, before the assessment in question was made. In this view, the residence excluded was wholly immaterial, and had no bearing on the questions decided.

In my opinion, a verdict was properly directed for the plaintiff, and a new trial properly refused.

Judgment affirmed.