ABRAM W. SEXTON, APPELLANT, v. EDWARD J. PEPPER AND THOMAS BROWN, RESPONDENTS.

*Assessment — liability of the assessors for wrongfully placing a name upon their rolls after July first — what is a voluntary payment — when the assessment must be vacated before an action will lie against the assessors.*

The assessors of the town of Floyd, after the 1st day of July, 1878, wrongfully placed upon their rolls the name of the plaintiff and assessed him for a farm then occupied by him. Subsequently the plaintiff handed the amount of the tax to his wife, upon whom the collector called and received all the tax but nineteen cents, which the plaintiff subsequently paid and received a receipt for the tax.

In an action by him against two of the assessors to recover the amount of the tax so paid:

*Held,* that although the assessors had no right to place the name of the plaintiff upon the rolls, yet as the assessment had never been reversed or set aside, and as the tax had been voluntarily paid, the action could not be maintained.

APPEAL from a judgment of the Oneida County Court, affirming a judgment in favor of the defendants rendered in a Justice's Court.

The action was brought against the defendants, two of the assessors of the town of Floyd, to recover the amount of a tax which the plaintiff claimed that he had been compelled to pay by reason of their having wrongfully placed his name upon the assessment-roll after July 1, 1878.

*J. S. Baker* and *M. M. Burlinson*, for the appellant.

*J. I. Sayles*, for the respondents.

HARDIN, J. :

Assuming, as we must, upon evidence not contradicted, that the plaintiff's name was placed upon the assessment-roll of the town of Floyd by the defendants, two of the assessors, on the third Tuesday of August, 1878, commonly called grievance day, the defendants acted without authority.

It is adjudged that assessors have no right to add names to the assessment after the first day of July. (*Mygatt* v. *Washburn*, 15 N.Y., 316; *Clark* v. *Norton*, 49 id., 246; *Westfall* v. *Preston*, id., 352; S. C., 3

Lans., 484.) After the warrant was placed in the hands of the town collector the defendant handed the amount of the tax, twenty-five dollars, to his wife, upon whom the collector called and received all but nineteen cents of the tax. Subsequently the plaintiff paid the nineteen cents himself to the collector. No levy was made upon his property prior to such payments, and there was no duress of person or property, and under the circumstances the plaintiff made a voluntary payment of the tax assessed upon the farm which he occupied, and he cannot recover money thus voluntarily paid by him. (*Fleetwood* v. *The City of New York*, 2 Sandf., 479; *Harmony* v. *Bingham*, 2 Ker., 116; *The New York and Harlem R. R. Co.* v. *Marsh*, Id., 311; *Sandford* v. *Mayor*, 33 Barb., 151; *Silliman* v. *Wing*, 7 Hill, 159; *Supervisors of Onondaga* v. *Briggs*, 2 Denio, 26.) *Bellinger* v *Gray* (51 N. Y., 620; *Peyser* v. *Mayor*, 70 id., 500) was not a case of voluntary payment.

LOTT, Commissioner, in *Bellinger* v. *Gray* (*supra*), said: "There is no color or ground for saying that the plaintiff made a voluntary payment of the money taken by the collector. The whole course of proceeding at the time shows not only that it was not such, but that he expressly forbid the taking, and therefore *notified* the collector that he would be held responsible therefor."

In the case in hand, the plaintiff testified, viz.: "The tax that was assessed to me on the Fairchild place was paid; I left *some money with my wife to pay it;* she did not pay all the tax that day; I saw Mr. Morriss, the collector, a few days after; there was some nineteen cents due on the tax; I ordered it paid; this is the receipt I received for the tax; the receipt was read in evidence, and it recited a payment by plaintiff of twenty-three dollars and ninety-nine cents taxes, and one dollar and twenty cents collector's fees; total, twenty-five dollars and nineteen cents, June, 1879."

There was no levy, no protest, no dispute, no duress, but a voluntary payment, which stands in the way of any claim now made by plaintiff to recover back the money, or damages for assessing to him a farm which he occupied at the time the assessment was made. Nor has there been any reversal of the assessment. The case does not fall within *Peyser* v. *Mayor* (70 N. Y., 502; S. C., 5 Weekly Digest, 127.) In that case FOLGER, J., says: "To warrant an action to recover back money paid by coercion of law upon a judgment or

tax levied, or assessment levied, it must appear that the judgment or proceedings were *prima facie* regular, so as not themselves to furnish evidence of their own invalidity, *and ·it must also appear* that *the rights* and positions of the parties *have been changed`since* the payment was made, as by a reversal for error, or a setting aside for irregularity or illegality." (See, also, *Lott* v. *Swezey*, 29 Barb., 87.) This view renders it unnecessary to examine the question made as to one of the jurors, for if there was error in allowing him to sit, we do not see how the plaintiff was prejudiced thereby. (*Bort* v. *Smith*, 5 Barb., 283.)

We should affirm the judgment of the County Court of Oneida, which affirms the judgment of the Justices' Court. Judgment of the Oneida County Court and that of the Justices' Court affirmed.

SMITH, P. J., and HAIGHT, J., concurred.

Judgment affirmed.