THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARLEM G. CHAMBERLAIN, as Testamentary Trustee, etc., of OSCAR L. CHAMBERLAIN, Deceased, Respondent, v. JOHN G. FORREST and Others, Assessors, and THOMAS J. GAMBLE, Supervisor of the Town of Mt. Morris, Appellants.

*Assessment-roll — the assessors cannot increase the amount assessed after notice of the completion of the roll has been given.*

Before July 1, 1882, one of the assessors of the town of Mt. Morris called on the relator and was informed by him that the amount for which the estate in his hands, as trustee, was liable to taxation was $40,000. It had been assessed at that amount the preceding year. The assessor entered this amount in his memorandum book, and at the meeting of the assessors in July it was agreed that the relator, as trustee, should be assessed for that amount. By mistake it was entered on the roll as $4,000. July twenty-fifth the roll was completed and notice was then given that complaints would be heard on August fifteenth. On August second one of the assessors changed the amount from $4,000 to $40,000.

*Held,* that he had no power so to do, and that the amount so added by him should be stricken from the assessment.

Appeal from an order of the Special Term made in a proceeding by *certiorari*, under chapter 269 of the Laws of 1880, directing an assessment-roll made by the assessors of said town to be corrected by striking out part of the assessment against the relator contained therein.

*J. A. & J. R. Vanderlip,* for the assessors.

*T. J. Gamble,* supervisor, in person.

*W. A. Sutherland,* for the relator.

*John L. Morgan,* for *cestuis que trust.*

Smith, P. J.:

The facts of this case are these: Before the 1st of July, 1882, one of the assessors called on the relator and was informed by him that the amount for which the estate in his hands as trustee was liable to taxation was $40,000, and the assessor so entered it on his

memorandum book.    It had been assessed and entered on the roll at that amount the preceding year.    When the assessors met after the first of July for the purpose of preparing the roll the memorandum book was examined and the sum of $40,000 was agreed upon as the value of the property for which the relator, as trustee, was to be assessed, but by mistake the amount was inserted in the roll at $4,000; and although the mistake was then discovered the assessors forgot to change it.    The roll was completed twenty-fifth July, and notice was then given of its completion and that complaints would be heard on fifteenth August.    At that time the assessment stood on the roll at $4,000.    On or after the second of August one of the assessors changed the amount to $40,000. On the grievance day the relator appeared before the assessors and objected to the change on the ground that the assessors had no authority to make it, and demanded that it be corrected, which they refused, and thereupon this proceeding was begun.

We think the Special Term decided correctly in ordering the assessment to be reduced to the amount at which it stood on the first day of August.    The statute requires that on or before that day, in each year, the roll shall be completed.    (1 R. S., 393, § 19.)    And when completed notice thereof must be given.    The object of the notice is to enable all parties interested to examine the roll, and for that purpose at least twenty days notice must be given after its completion.    The roll, when completed, is in the nature of a judgment.    The power of the assessors to alter it in any material respect, after its completion and notice thereof, is limited to acting upon complaints made by parties conceiving themselves aggrieved. This has been held frequently.    (*Westfall* v. *Preston*, 49 N. Y., 352; *Overing* v. *Foote*, 65 id., 263; *Clark* v. *Norton*, 3 Lans., 484; S. C., 58 Barb., 434.)    In this case the change in the assessment was made without the requisite notice, and we cannot resist the conclusion that it was in excess of the authority of the assessors. If they had made the change, and then published notice, *before* the first day of August it would have been well.

It is urged that the assessors merely corrected a clerical error. But the alteration of a judgment, or of an assessment in the nature of a judgment, by increasing its amount tenfold can hardly be called the correction of a clerical error.

It is also insisted that the relator was not injured by the change in the amount, and so the case is not within the act of 1880. It is enough that he has been assessed without due notice; whether or not he could have made just complaint if he had been duly notified, cannot be inquired into here.

The assessors mistook their remedy. Chapter 575 of the Laws of 1868 gives a remedy where, by a mistake in transcribing or copying the assessment-roll of the preceding year, property has been assessed at a valuation less than that appearing upon the original assessment-roll. In this case it is averred that the mistake occurred in copying from the memorandum book of one of the assessors. But it appears that the entry in the book corresponded with the amount in the roll of the preceding year, and there is reason for saying that the case is within the spirit if not the letter of the act last referred to. But without deciding that question it is enough to hold, as we do, that the assessors in changing the amount in the roll, as they did, acted without authority.

The order appealed from is therefore affirmed, but the question of the costs of this appeal is left to be determined at Special Term, if the relator shall be advised to make a motion for the purpose of charging the appellants, or either of them, with costs, upon the grounds specified in section 4 of the act under which the proceeding was taken.

HARDIN and HAIGHT, JJ., concurred.

So ordered.