THE PEOPLE OF THE STATE OF NEW YORK ex rel. F. R. COUDERT and Others, Executors, etc., of EDWARD O. STERN, Deceased, *v.* THE COMMISSIONERS OF TAXES AND ASSESSMENTS OF THE CITY AND COUNTY OF NEW YORK.

*Notice of assessment for taxation in New York city — when it may be served upon one named as an executor in the will, before the will has been proved — right to deduct debts of the deceased.*

January 1, 1883, Edward O. Stern died leaving a will by which he appointed the relators his executors. On January tenth the will was proved and letters testamentary were issued to them. On January 8, 1883, they were informed by a notice bearing that date that they had been assessed in the sum of $200,000 for personal property belonging to the estate of the deceased, and that the same, if erroneous, must be corrected on or before the thirtieth of April following. The eighth of January was the last day in the city of New York on which assessments for the year 1883 could be made.

*Held,* that as the relators were by virtue of the will vested with the power necessary for the protection of the estate they represented, prior to the issue of letters testamentary thereon, the notice was properly served upon them.

That the fact that they could not determine with accuracy and certainty prior to the thirtieth of the following April what deduction should be made for the outstanding debts of the deceased did not affect the validity of the assessment.

Certiorari to correct an assessment made against the relators as executors of Edward O. Stern, deceased.

*F. R. Coudert,* in person and for the executors, appellants.

*A. L. Cole,* for the respondents.

Brady, J.

The relators were assessed for the year 1883 in the sum of $200,000, that being the amount of personal property belonging to the estate of Edward O. Stern, deceased, of whom they were the executors.

The notice of such assessment is dated the 8th of January, 1883, and advises them of the assessment and further that the same, if erroneous, must be corrected by application to the commissioners on or before the 30th day of April following, or it would be confirmed at the amount stated.

The testator died on the 1st of January, 1883. His will was not proved until the 10th of January, and it was not until the latter day, when letters testamentary were granted to the relators, that they were fully invested with their rights and could discharge their functions as executors. This, it will be observed, was two days after the expiration of the period of assessment, which by act of 1859, chapter 302, must be made between the first Monday of September and the second Monday of January in each year, the second Monday of January 1883, having occured on the eighth of that month.

It is not disputed that the assessors must make the assessment between the dates stated. There is indeed no room to doubt that they must perform that duty within the period named. (See *Mygatt* v. *Washburn*, 15 N. Y., 316; *Clark* v. *Norton*, 58 Barb., 436; *Westfall* v. *Preston*, 49 N. Y., 349; *Bell* v. *Pierce et al.*, 51 id., 12; *Overing* v. *Foote*, 65 id., 263; *Boyd* v. *Gray et al.*, 34 How., 323; *People ex rel. Twenty-third Street R. R. Co.* v. *Comrs. of Taxes*, 91 N. Y., 593; *McMahon, Receiver of Taxes in the City of New York* v. *Beekman et al., executors*, Special Term, May 1883, by Macomber, J.)

The relators contend nevertheless that upon the eighth day of January they had not possession or control of this property of the estate, and therefore were not the persons to whom notice should be given. This view cannot be sustained. The statutes provide, it is true, that no executors named in a will shall before letters testamentary are granted have any power to dispose of any part of the estate of the testator, except to pay funeral charges, nor to interfere with such estate in any manner further than is necessary

for its preservation. (See sec. 16, art. 1, title 2, ch. 6, part 2, R. S. [vol. 3, 7th ed. p. 2289].) It is known that the Court of Appeals in commenting upon this statute says:

"It is true that by the statutes of this State executors are not permitted to exercise their powers, except to a very limited extent, until proof of the will and the granting of letters testamentary." (*Hartnett* v. *Wandell*, 60 N. Y., 350.) But it has been declared that the interest of an executor in the estate of his testator is derived from the will itself, and accordingly vests in him from the moment of the testator's death, and further that letters testamentary were not the foundation but only the authenticated evidence of his title. (Redfield Law and Pr. Sur. Cts., 125, 450; *Hartnett* v. *Wandell*, 60 N. Y., 350; *Matter of Greeley's Will*, 15. Abb. [N. S.], 395; *Valentine* v. *Jackson*, 9 Wend., 302; Williams on Executors, 239; Dayton on Executors, 232; *Priest* v. *Watkins*, 2 Hill, 225; *Ex parte Faulkner*, 7 id., 181; *Vroom* v. *Van Horne*, 10 Paige, 549.) And it will be perceived upon an examination of the case of *Hartnett* v. *Wandell* (*supra*), that the Court of Appeals said in addition to what is quoted herein: " But this does not affect the character of the office or detract from the efficacy of the will as the source of the power." And it may be added that the statute does not prohibit such possession of the property under the will as may be necessary for its safety until the probate of the will. If the assessors did not impose the assessment until after the eighth of January, the imposition would be illegal, as the authorities already cited abundantly establish; and the executors by virtue of the will being vested with the power necessary for the protection of the estate they represented, and against the exercise of which the statute does not contain any prohibition, the notice was properly served upon them. The proceedings had doubtless been inaugurated to prove the will, and thus to obtain letters testamentary before the notice mentioned was served; and the statute, it will have been observed, whilst it inhibits the exercise of any power of disposition over the estate or any interference with the estate, justifies such interference for its preservation. If it were necessary, for example, to take actual possession of the personal estate for its protection in any respect, the executors would be justified in doing it as the legal effect of their appointment in the absence of any proof showing

their declination to act, and indeed they may well be charged with possession or control over it for such a purpose. It may be assumed, in other words, that they did their duty in respect to the estate, and that doing so involved at least the assumption of control over it, if only for its preservation. It follows, therefore, that as the death of the intestate took place upon the first of January, and as the eighth of January was the last day upon which the assessment could be made, and as the relators were the executors named in the will and were invested with authority to interfere with the estate so far as to secure its preservation, they were the proper persons to serve with notice as the representatives of the estate of the deceased, and the only persons to whom, under the circumstances, the assessors were bound to have recourse or to regard as connected with the possession or ownership of the property. Deriving their title from the will, and not being prohibited from taking possession by the statutes, their position as the representatives of the estate for the purpose of taxation or assessment cannot well be disputed.

It is also claimed on behalf of the relators that the assessment is illegal because it was imposed at a time when they had no opportunity to determine the amount of debts due by the testator, and which, under the laws of the State, should be deducted from the value of the personal property. (R. S. [7th ed.], 991, § 10.)

It will have been observed that the relators had until the thirtieth of April to make application for the correction of the assessment. It was incumbent upon them to present to the commissioners during the period allowed such evidence of the testator's indebtedness as they could furnish for the purpose of decreasing the assessment. This they failed to give. It may be, and indeed it is quite likely, that they were unable to ascertain the amount of all of the debts prior to the time when the publication for claims to be presented against the estate should have expired, but this is a misfortune which must rest upon the estate itself and not upon them. The time limited by statute within which the commissioners had power to correct the assessment expired upon the thirtieth of April (Laws 1859, *supra*, secs. 8, 9, 10), when the evidence not having been produced which the commissioners were authorized to require, they declined to make the deduction which was asked. This they were justified in doing. An examination of this branch of the

case shows that the executors sent a communication to the commissioners, dated the twenty-third of April, as follows:

"New York, *April* 23, 1883,}
70 William Street.     }

"*To the Commissioners of Taxes and Assessments in the City of New York:*

"Gentlemen.— Permit us, as the executors of the last will and testament of Edward O. Stern, deceased, to call your attention to the following grounds of objection to the assessed valuation heretofore made of the personal property claimed to be held by us as such executors as aforesaid.

"In the first place, Mr. Stern's death having occurred on the 1st day of January, 1883, and his will not having been proved until the tenth day of said January, it was not until said last mentioned day that we received our letters testamentary or entered on the discharge of our functions as executors. But this was two days after the expiration of the period of assessment; the second Monday of January, the last day of said period, having this year been the eighth day of said month. Accordingly, it results that at the time to which the assessment refers, we were not yet executors and had not as such possession or control of any property of the estate. Secondly, we are not in a position to determine and are in fact unable to decide, what the assessable value of the estate really is, inasmuch as the period during which creditors can by law present their claims has not expired; and the apparent assets may be seriously reduced, if not wholly swept away, by outstanding but now unknown debts. We, therefore, respectfully make this application under the statute, for the correction of such assessment, our claim being that under the circumstances we were not lawfully assessable as such executors in any amount whatever, at the date and for the period to which such assessment refers.

"F. R. COUDERT, *Executor*,
"By Chas. Coudert."

"CHAS. COUDERT, *Executor*,
"R. M. C. GRAHAM, *Executor*,
"By Chas. Coudert."

And it will be perceived that they state their claim to be that, under the circumstances set forth, they were not lawfully assessable as executors in any way whatever at the date and for the period to which the assessment refers. It is not, therefore, an application strictly that the assessment be reduced, but that it be canceled. They do not assert, as suggested by the learned counsel for the respondents, that there are any debts or that any claims have been presented against the estate, nor that there will be any shrinkage in the assets, although they suggest that such a thing might be.

It is not asserted, either, that the assessable value of the estate at the time of the assessment was below the sum at which it was fixed by the commissioners, and in fact it contains nothing which would justify the commissioners in complying with the demand to vacate the assessment. So if the communication be regarded as one which asks for a reduction, nothing is presented by it which would justify the commissioners in making any deduction whatever. The commissioners have acted strictly within the line of their duty and power; they have been guilty of no departure from the statutory rules which govern them; they have committed no irregularities; and the assessment does not appear to be illegal or erroneous by over-valuation, nor is it erroneous in any respect. It is apparent, therefore, that the action of the tax commissioners should be affirmed and the writ dismissed, with costs, and it is so ordered.

Davis, P. J., and Daniels, J., concurred.

Proceedings affirmed and writ dismissed, with costs.