### DOUGLASS *v.* BOARD OF SUP'RS.

(*Supreme Court, General Term, Second Department.* May 14, 1888.)

1. TAXATION—ASSESSMENT—JURISDICTION OF ASSESSOR.
    An assessor acquires no jurisdiction to levy a tax, where neither the property taxed nor the residence of the person in possession of it is in the county in which the assessment is made.

2. SAME—CORRECTION OF ERRONEOUS ASSESSMENT—AUTHORITY OF ASSESSORS.
    The provisions of the New York statute, requiring persons aggrieved by taxation to appear before the assessors and state their grievances, have no application to cases without the jurisdiction of the assessors.

3. SAME—REFUNDING ILLEGAL TAX—POWER OF COUNTY COURT—LAWS 1869, CH. 855, § 5.
    Under Laws 1869, c. 855, § 5, as amended by Laws 1871, c. 695, authorizing county courts to order an illegal tax refunded, such courts have the power to strike from the roll such a tax before it is paid.

Appeal from Queens county court.

Adelaide L. Douglass applied for an order directing the board of supervisors to strike from the assessment roll an assessment against the relator as guardian, etc. The court refused the order, and the relator appeals. Laws N. Y. 1869, c. 855, § 5, as amended by Laws 1871, c. 695, authorizes county courts to order illegal taxes refunded, etc.

*Howard A. Sperry,* for appellant. *Benjamin W. Downing,* for respondents.

PRATT, J. No point was made below that the relator, guardian, etc., has no property of the infant in her possession; that the whole of the infant's estate is vested in the executors and trustees of the will of Effingham Towns-

end, deceased, and that neither of the said executors resides in Queens county; also that said property is assessed and pays taxes in the city of New York. The decision of the court below assumed these facts, but based its decision of dismissing the application upon the ground that inasmuch as the tax had not been paid no relief could be granted. Had any point been made as to the sufficiency of the proof, the relator's position might have been fortified by further evidence. The fatal error in the whole proceeding seems to be that the assessor never acquired jurisdiction to levy the tax. Neither the property nor the residence of the person in possession of it was in Queens county. It therefore follows that the acts of the board of supervisors in levying the assessment were void. It is not the case of correcting an erroneous assessment, or correcting any manifest clerical or other error in an assessment, but it is an application to have a tax levied without authority of law, *i. e.*, without jurisdiction, stricken from the assessment roll. It is conceded that if the tax had been paid upon an illegal assessment, the court had power to order the amount refunded. The idea that the jurisdiction of the court should depend upon such a useless formality seems absurd. We think it was the intention of the legislature in the statutes of 1869 and 1871 to vest in the county courts power to determine all such questions, and these acts having specially delegated the power to county courts to order an illegal tax refunded, it must be presumed to have the power to have such a tax stricken from the roll. The provisions requiring parties to appear before the assessors and state their grievances only apply to cases within the jurisdiction of the assessors. A party outside of the jurisdiction is under no obligation to appear before the assessors, and he cannot be presumed to know that an illegal tax is about to be assessed against him. Order reversed, with costs and disbursements.