DETERMINED IN THE

# THIRD DEPARTMENT

AT

# GENERAL TERM,

## September, 1889.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel.
THE PRESIDENT, MANAGERS AND COMPANY of
the DELAWARE AND HUDSON CANAL COMPANY,
LESSEE of the ALBANY AND SUSQUEHANNA RAIL-
ROAD, AND of the CHERRY VALLEY, SHARON AND
ALBANY RAILROAD, RELATOR, APPELLANT, v. ABRAM
BECKER, DANIEL SIMMONS and JOHN VAN VALKEN-
BURGH, ASSESSORS, AND DURYEA HARPER, CLERK OF
THE TOWN OF SHARON, SCHOHARIE COUNTY, N. Y., DEFENDANTS,
RESPONDENTS.

SAME, APPELLANT, v. PETER TRAVER AND OTHERS,
ASSESSORS, CALVIN KILTS, CLERK OF THE TOWN OF
SEWARD, SCHOHARIE COUNTY, N. Y. RESPONDENTS.

*Review of assessment under chapter 269 of 1880 — extent of the review and how determined.*

After a writ of *certiorari* had been issued, under chapter 269 of 1880, to review an assessment of the relator's property, the respondents moved on notice to modify the order and the writ so that it would not require any return as to the inequality of the assessment in question, as compared with other assessments, and so as to prevent the relator from raising on the return or in the proceedings any other question than that of the legal exemption from taxation conferred by chapter 255 of 1860.

HUN — VOL. LIV      1

2    PEOPLE ex rel. D. & H. CANAL CO. v. BECKER.

THIRD DEPARTMENT, SEPTEMBER TERM, 1889.

Affidavits of the assessors and their clerk were used on the motion, which stated that no question was raised before the assessors except that as to the relator's right to exemption. This was denied by an affidavit made by a clerk in the office of the relator's attorney.

The petition for the writ stated that the assessment was illegal, and based such claim on the right to exemption as well as upon an unequal valuation.

*Held,* that the act of 1880 gave an entirely new relief.

That it provided not alone for a mere review of the action of the assessors, but for the examination of the whole matter, and for what was practically a new assess-ment by the Supreme Court in case the relator showed that he was aggrieved.

That it provided for a rehearing upon new evidence, and that the return of the assessors was not conclusive in the matter.

That the respondents had, in the present instance, attempted to limit the effect of the writ by proof made by affidavits, with which the affidavit of the relator was in conflict, and that the matter should not be determined in this summary manner.

That the question as to what should be the extent of the relief given by the court was one affecting the merits, and should properly be determined on the return to the writ and on the evidence taken in the proceeding.

APPEAL by the relator from an order of a Special Term held in the county of Albany, which was entered in the office of the clerk of Schoharie county on January 22, 1889.

*Edwin Young,* for the appellant.

*Hobart Krum,* for the respondents.

LEARNED, P. J.:

In each of these two cases a writ of *certiorari*, under chapter 269, Laws of 1880, had been issued to review assessments of relator's property.

The defendants moved, on notice, to modify the order and the writ, so as not to require any return as to the inequality of the assessment in question, as compared with other assessments, and so as to prevent the relator from raising, on the return or in the proceedings, any other question than that of the legal exemption from taxation under chapter 255, Laws of 1860. The order and writ were so modified and the relator appeals. The affidavits of the relator which had been presented to the assessors had been used on the motion. The affidavits of the assessors and the clerk were pro-duced, stating that no question was raised before them except that of exemption, and that no claim of unequal assessment was made. In opposition, an affidavit of a clerk in the office of relator's

PEOPLE ex rel. D. & H. CANAL CO. v. BECKER.    3

THIRD DEPARTMENT, SEPTEMBER TERM, 1889.

attorney was produced, stating that he did also protest against the assessment as illegal by reason of over-valuation.

It would seem that the learned justice who modified the order must have held that the weight of the evidence was that no objection was taken other than that of absolute exemption. It may be admitted that that is the prominent matter in the affidavits used before the assessors. The petition for the writ of *certiorari* states the alleged illegality as based on the exemption claimed, and also on the unequal valuation. The act of 1880, above mentioned, undoubtedly gave an entirely new relief. It did not provide for a mere review of the action of the assessors, but for an examination of the whole matter, and for what was practically a new assessment by the Supreme Court, in case the relator showed that he was aggrieved. There was to be a rehearing on new evidence, and the return of the assessors was not to be conclusive on the matter. The act was undoubtedly passed because the legislature saw that the action of assessors was often arbitrary, and that under existing laws there was no redress against the most unjust assessments. It was a remedial statute, and while it may impose some labor on the court, it has already operated to redress injustice, and probably in some degree to prevent unequal assessments

In the enforcement of the rights given by this act, it may, perhaps, be a sound principle that the court shall refuse relief where the relator has not made his claim at the proper time to the assessors themselves. It may be reasonable that the court should require that the aggrieved party should first seek his redress from the assessors, so that they may have the opportunity to correct any error which they have made, and that the court may not be unnecessarily burdened. (*People ex rel. U. M. Tel.* v. *Comrs.*, 99 N. Y., 254; *People ex rel. Hoffman* v. *Osterhoudt*, 24 Weekly. Dig., 101.)

That, however, is not a condition laid down in the statute, which specifies the cases in which the writ shall be granted. And we do not think it necessary to decide that question on this appeal. The defendants have, in the present instance, limited the effect of the writ by proof made by affidavits; and these affidavits are in conflict. with the affidavit of the relator. It seems to us that this matter should not be determined in this summary manner. The question what shall be the extent of the relief given by the court is one

affecting the merits.   It should properly be determined on the return to the writ and on the evidence taken in the proceeding.   If this were only the ordinary writ of *certiorari*, the court would not determine what relief it should grant until it had heard the return. It would not limit the matters to be returned, as has beeen done in this instance.   Still more when, under this writ, the court does not merely review the  proceedings upon the proof before the assessors, but takes new and independent proof, it would seem  best that all the proof should be produced which the parties can show to be proper.   Indeed, the circumstance that new proof is to be taken by the court would seem to lessen the force of the rule above-mentioned, that objections must be made in the first instance, before the assessors.   For if this court is to investigate for itself, in any case, the matter of unequal assessment, it does not seem that much can be gained by having the party ask the assessors not to assess him unjustly.   If some peculiar privilege or right were to be asserted, there would be more reason for calling the attention of the assessors to it.   But the duty of making an equal assessment is well known to the assessors ; and the party is not limited, in this writ, to the evidence which he produced before them.   As he is not limited to that evidence, the argument of the defendants seems to be simply that he must object to the assessors that his assessment is too high in proportion to others.   And such objection would seem to be of no special use.   But, without passing on the question which may come up when these writs shall be heard on the evidence taken in this court, we are of the opinion that the writs themselves should not be limited, as has been done by the orders appealed from.

Order modifying writs should be reversed, with ten dollars costs and printing disbursements, and motion to modify denied, with ten dollars costs in each case.

Pᴜᴛɴᴀᴍ and Fɪsʜ, JJ., concurred.

Order modifying writs reversed, with ten dollars costs and printing disbursements, and motion to modify writs denied, with ten dollars costs in each case.