BOWE v. McNAB et al.

(Supreme Court, Appellate Division, Third Department. December 2, 1896.)

1. TAXATION—EXECUTORS—POSSESSION OF PERSONALTY.
   Executors are not "in possession" of the personalty of testator, so as to render them taxable therefor (1 Rev. St. p. 389, § 5), where testator had transferred all his personalty to a trustee, to distribute it on testator's death, as directed in his will. 40 N. Y. Supp. 1112, affirmed.

2. EVIDENCE—JUDGMENT—TITLE OF TAXED PROPERTY.
   The record of a judgment determining the title to personalty as between executors and a trustee to whom testator had conveyed his personalty, to distribute as directed by his will, is admissible in an action against the executors for taxes.

3. TAXATION—TAXABLE INHABITANT—EXECUTORS.
   A resident of a county is a taxable inhabitant thereof in respect to property in his possession as executor (1 Rev. St. p. 389, § 5), though the assessment was completed before letters testamentary were issued to him.

Appeal from trial term, Albany county.

Action by John Bowe, as treasurer of the county of Albany, against Peter D. McNab and Alexander Cameron, as executors of John Cumming, deceased. From a judgment entered on the decision of the trial

judge in favor of defendants (40 N. Y. Supp. 1112), plaintiff appeals. Affirmed.

The action was brought to recover $500 and interest thereon, the amount of a tax for the year 1893 upon $25,000, the amount of personal property for which the defendants, as executors, were assessed in that year by the assessors of the city of Albany. The defendants resided in the city of Albany. Their testator, John Cumming, died May 13, 1893, a resident of said city. By his will, probated in Albany county, July 27, 1894, the defendants were named his executors, and letters testamentary were issued to them the same day. The assessment of $25,000 was completed September 1, 1893. The assessors, assuming that they had jurisdiction, duly complied with the statutory requirements. The defendants did not ask of the assessors any relief in respect to the assessment. Defendants made default in payment, and, upon due return to that effect to the plaintiff, he brought this action, under section 6, c. 398, Laws 1888. The answer of the defendants, in effect, was that, at the time the assessment was laid, they were not, as executors, taxable inhabitants of the city of Albany, and that they never held or had in their possession, custody, or control, as executors, any personal estate whatever, and that the personal estate which the assessors supposed they had was, in fact, held and owned by Charles E. Robinson, a resident of Kings county. The trial judge found, in addition to the facts above stated, that the testator, John Cumming, by a trust deed executed and delivered by him to Charles E. Robinson, December 11, 1891, and by said Robinson accepted, sold and transferred to said Robinson all his personal estate, to be by said Robinson distributed upon Cumming's death, according to the provisions of his last will and testament, and that when the assessors assessed the defendants as executors as aforesaid, and when the supervisors levied the tax thereon, and at all other times, the defendants, as such executors, did not hold or have the custody, control, or possession of any personal estate whatever of their testator, and never had title to any of it. It appeared from the evidence that, at the time the assessment was made, there were deposited in the Commercial National Bank of the City of Albany securities of a value exceeding $25,000, which belonged to the said testator at the time of the execution of his said trust deed; and that, when this action was commenced, another action was pending between the said Robinson, as trustee, and these defendants, as executors, and others, to determine the validity, construction, and effect of the said trust deed and will; and that, before the trial of this action, it was adjudged and determined in that action that the trust deed was valid, and that, under both deed and will, the title to the entire property mentioned in the trust deed was vested in said Robinson as trustee, to be by him distributed among the persons entitled thereto, according to the provisions of the deed and will. The trustee, Robinson, was a resident of Brooklyn, Kings county, and was at no time a resident of the city of Albany. The plaintiff in the present action excepted to the ruling of the trial judge admitting in evidence the judgment roll in the action of Robinson against these defendants.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN, JJ.

Mark Cohn, for appellant.
E. W. Rieck, for respondents.

LANDON, J. The judgment roll was properly received in evidence. As between the parties to it, it determined the title to the personal estate in controversy, and that was the very question here. That question was one which the parties to that action had the exclusive right to settle, and the plaintiff and the assessors, in the absence of fraud or collusion, are bound by the title as it actually existed, and was determined between the parties to that action. Candee v. Lord, 2 N. Y. 269; Carpenter v. Osborn, 102 N. Y. 552, 7 N. E. 823; Equipment Co. v. Blair, 145 N. Y. 607, 39 N. E. 962. The judgment determined that the title never existed in the executors, and the fact was

proven and found on this trial that they never had the custody or control of the property.

The question is one of the jurisdiction of the assessors.

The statutes applicable to the case are:

Section 5, article 1, tit. 2, c. 13, p. 389, 1 Rev. St., which provides:

"Every person shall be assessed in the town or ward where he resides when the assessment is made, for all personal estate owned by him, including all personal estate in his possession or under his control as agent, trustee, guardian, executor or administrator, and in no case shall property so held under either these trusts, be assessed against any other person."    2 Rev. St. (8th Ed.) p. 1094, § 5.

And section 8 of chapter 86 of the Laws of 1850, being a local law applicable to the city of Albany only, which reads:

"The real and personal estate held by guardians, executors or other trustees * * * shall be assessed distinct from their individual property."

Section 53 of said chapter 86 of the Laws of 1850 provides:

"Where no provision on the subject is made in this act, all the general laws of this state in relation to assessment and collection of taxes * * * shall as far as applicable be in force in respect to the assessment and collection of taxes in the city of Albany."

The assessors had jurisdiction of the persons of the defendants, because the defendants resided in the city of Albany. The fact that, when the assessment was completed, letters testamentary had not been issued to the defendants, would not be material to the question of the assessors' jurisdiction of their persons. People v. Commissioners of Taxes, 31 Hun, 235. It might, in connection with the other facts of this case, be relevant to the question of the defendants' custody of the testator's personal estate; but, since that question was settled upon other controlling evidence, it ceases to be important here.

There remains but the single question: Had the assessors jurisdiction to determine, contrary to the actual fact, that the defendants held as executors, or had in their possession or control any personal estate of their testator? If so, then the defendants had an opportunity to be heard before the assessors, and, having omitted to avail themselves of it, are bound by the assessors' determination. We think this question must be answered in the negative. The Revised Statutes made the defendants liable to assessment for all personal estate in their possession or under their control as executors. Clearly, if they had none, they were not liable. If the defendants had some of their testator's personal estate, then the assessors had jurisdiction to determine how much they had; but, if they had none, then there was no subject-matter for the assessors to deal with, and, where there is no subject-matter, the assessors cannot create one by their fiat. It is said that this sort of reasoning will apply to the resident individual who is assessed. The statute above quoted provides that he must be assessed for all personal estate "owned by him." Is it not equally essential to the assessors' jurisdiction that he shall own some personal estate before they can determine how much he owns? Cases are cited upholding the jurisdiction of the assessor where the resident has proven that he owned no personal estate. People v. Board of Sup'rs of Ulster Co., 10 Hun, 545, cited with approval in Re New York Catholic Protectory, 8 Hun, 91, and affirmed 77 N. Y. 342. Being an adult resident, he is prima facie-

a taxable inhabitant. It may be presumed that he owns some personal estate,—the clothes on his person, the money in his pocket, for example,—and thus there is a subject-matter for the assessors to deal with, and thus the burden is upon him to appear before them if he is aggrieved. That the same reasoning is not applicable to the case of executors and the trustees named in the statute is apparent from the statute itself. It says: "In no case shall property held under either of these trusts be assessed against any other person." All the property here in question was held by Charles E. Robinson, of Brooklyn, Kings county, as trustee. The statute thus forbade that the property held by the nonresident trustee should be assessed to the resident executors. There can be no presumption that the assessors had jurisdiction to do an act which the statute forbade. In the very similar case of In re Douglas, 48 Hun, 318, 1 N. Y. Supp. 126, it was held that the assessors had no jurisdiction. It is well settled that the nonexistence of the subject-matter is fatal to the jurisdiction. National Bank of Chemung v. City of Elmira, 53 N. Y. 49; McLean v. Jephson, 123 N. Y. 142, 25 N. E. 409; In re New York Catholic Protectory, 77 N. Y. 342.

Judgment affirmed, with costs. All concur.