JOHN N. WESTFALL, Appellant, *v.* HIRAM D. PRESTON, Respondent.

SAME APPELLANT *v.* WILLIAM H. H. GERE et al., Respondents.

A substantial compliance with the statute in the measures preliminary to the taxation of persons and property, in all matters which are of the substance of the procedure, and designed for the protection of the tax-payer, is a condition precedent to the legality and validity of the tax.

For the purpose of deposit for inspection, the assessment roll is to be completed on or before the first of August, and after that time the assessors have no jurisdiction over the persons of tax-payers, the roll, or the subject-matter of the assessment for the current year, save for the purpose of reviewing the assessments already made and verifying the roll after such review.  For the purpose of verification and delivery to the supervisor, the roll cannot be completed until after the time fixed for its final review and correction, to wit, the third Tuesday of August.  An affidavit of the assessors thereto, made prior to that time, is a nullity, and where the defect appears upon the face of the paper by the date of the jurat, it confers no jurisdiction upon the board of supervisors to impose a tax upon persons or property named therein, or to sign a warrant to the collector; as the affidavit is made part of the assessment roll delivered to the collector, and the want of jurisdiction in the board of supervisors is thus disclosed upon the face of the papers, the warrant furnishes no protection to the collector.

The receipt by one whose property is sold under a void warrant, or for an illegal tax of the surplus arising from the sale, over the amount of the tax and expenses, is not a condonation or an accord and satisfaction of the trespass.

(Argued April 25, 1872; decided May 3, 1872.)

APPEALS from judgments of the General Term of the Supreme Court in the fourth judicial department, affirming

judgments in favor of defendants entered upon decisions of the court upon trials at the Circuit.

These were actions of trespass for an alleged illegal levy and sale of plaintiff's property. The defendant Preston, in the first action, was one of the assessors of the town of Eldridge, Onondaga county, for the year 1865; plaintiff was a resident of that town, and a member of the firm of J. N. Westfall & Co. His name did not appear upon the assessment roll as originally made out and sworn to by the assessors.

An affidavit in form, as required by the statute, was made by said assessors and annexed to said roll on the 29th day of July in that year. The name of "J. N. Westfall & Co." was not found on said roll until the third Tuesday of August, being the time designated by the assessors for reviewing the roll, when an assessment against said firm of $20,000 for personal property was added; and in that condition, without further verification, the roll was delivered by the assessors to the supervisor of the town, who delivered it to the board of supervisors of the county of Onondaga, of which the defendants in the second action, except Voorhees, were members.

The board of supervisors thereupon imposed a tax based upon said assessment on the appellant and said Gavitt by the name and style of "J. N. Westfall & Co., bankers," on said personal property to the amount of $488.85, and issued a warrant for the collection thereof, which was signed by all the defendants in the second action except Voorhees, which warrant, with a copy of the assessment roll annexed, together with the affidavit or oath of said assessors attached thereto, was delivered to the defendant, John Voorhees, then collector in said town.

Voorhees, by virtue of said warrant, levied upon and sold at auction the property of plaintiff, amounting to $550, and after satisfying the tax and the collector's fees, paid the said appellant the sum of $36.71, being the balance.

*W. Porter* for the appellant. The assessment roll was in legal effect an unverified roll. It was, therefore, void upon

its face, rendering the assessors wrong-doers, and affording no protection to the supervisors who imposed the tax, or to the collector who levied upon and sold the property of the appellant. (*Van Rensselaer* v. *Whitbeck*, 7 N. Y., 517; *Torry* v. *Millsbury*, 21 Pick., 24, per SHAW, J.) The requirements of section 8, are not merely directory. (*Van Rensselaer* v. *Whitbeck*, 7 N. Y., 521; *People* v. *Allen*, 6 Wend., 486.) The assessors had no authority to add the name of J. N. Westfall & Co. to the roll. (*Bennett* v. *City of Buffalo*, 17 N. Y., 383; *Wheeler* v. *Mills*, 40 Barb., 644; *Clark* v. *Norton*, 58 Barb., 434.) By so doing they became liable as trespassers for the damages resulting. (*Mygatt* v. *Washburn*, 15 N. Y., 316.) The process being void upon its face, afforded no protection to the collector. (*Van Rensselaer* v. *Whitbeck*, 7 N. Y., 514.) The receipt of the surplus is no bar. (*Brown* v. *Fecter*, 7 Wend., 301.)

*George N. Kennedy* for the respondent Preston. By receipt of the surplus plaintiff is estopped from questioning validity of proceedings. (*Clark* v. *Halleck*, 16 Wend, 607, 610.) The assessors acted judicially, and the error could only be corrected by proceedings for that purpose. (*Swift* v. *City of P.*, 37 N. Y., 511; *Bank of C.* v. *Mayor, etc., of N. Y.*, 43 id., 184.) The duty of verifying roll is directory rather than jurisdictional. (*Parish* v. *Golden*, 35 N. Y., 462; *The People* v. *Allen*, 6 Wend., 486; *Torry* v. *Millsbury*, 21 Pick., 64; *Howard* v. *Procter*, 7 Gray, 128.) An error in roll may be corrected after 1st August. (*People* v. *Allen*, 6 Wend., 486; *Gates* v. *Mead*, 2 Den., 160; chap. 453, § 2, Laws of 1865.)

*Cyrus Sweet* for the respondents Gere and others. The want of verification is not a jurisdictional defect. (*Parish* v. *Golden*, 35 N. Y., 467.) By receiving surplus, plaintiff affirmed the sale. (*Clark* v. *Halleck*, 16 Wend., 610.) The signing of warrant was act of board, and the individual members are not responsible. (6 Hand, 676.)

Allen, J.   The case of *Clark* v. *Norton* (*ante*, p. 243), lately decided by this court, affirming the judgment of the Supreme Court as reported 58 Barb., 434, is decisive of the principal question involved in the action against Preston, the assessor. At the time of the insertion of the name of the plaintiff in the assessment roll as liable to assessment and taxation for personal property, the assessors had lost all jurisdiction over the person of the plaintiff, the assessment roll and the subject-matter of the assessments for the current year, except for the purpose of reviewing the assessments already made, and the verification of the roll after such review had been made and the roll completed.   The assessment of the plaintiff was without authority, and the assessors were wrong-doers in the act of making it, and became liable to the plaintiff for all the damages sustained by him by reason of it.   The able and discriminating review of the authorities bearing upon the subject, and the statement of the legal principles touching the acts of officials of limited and special jurisdiction affecting the property and rights of third persons, by Judge Talcott, in his dissenting opinion in the Supreme Court, clearly shows the illegality and consequent invalidity of the assessment.

The objection that Garrett, the associate of the plaintiff in his business of banking, was a necessary party to the action, if well taken in point of form in the answer, is obviated by the fact found by the court, that the property taken was the sole property of the plaintiff.   The receipt by the plaintiff from the collector of the surplus moneys arising upon the sale in excess of the amount required to satisfy the tax and the fees and expenses of collection, was not a condonation or an accord and satisfaction of the trespass.   The only effect of such payment and receipt was to diminish *pro tanto* the recovery for the trespass.   It operated to reduce the damages to which the plaintiff would otherwise have been entitled. (*Brown* v. *Feeter*, 7 W. R., 301.)

A somewhat different question is presented in the action against the supervisors and collector, but calling, nevertheless, for the application of the same general principles.   If

the supervisors have exceeded their powers or acted without jurisdiction in imposing a tax upon the plaintiff and in issuing a warrant for its collection, they are liable as trespassers. Their powers and jurisdiction in the assessment and collection of taxes are strictly statutory, and a strict adherence to the law is necessary to sustain their acts and protect them from liability. A substantial compliance with the statute in the measures preliminary to the taxation of persons and property, in all matters which are of the substance of the procedure, and designed for the protection of the tax-payer and the preservation of his rights, is a condition precedent to the legality and validity of the tax. Among the preliminaries essential to the jurisdiction of the supervisors is the preparation of an assessment roll containing a list of the persons and property liable to taxation, with the estimated value of the property, prepared and verified by the assessors, and a substantial compliance with the terms of the statute prescribing the verification is necessary to give the board of supervisors jurisdiction to impose a tax and issue their warrant to the collector for its collection. (*Van Rensselaer* v. *Witbeck*, 3 Seld., 517.) Prior to the amendment of the law in 1851, the statute was very specific in designating the time when the verification of the assessment roll should be made by the assessors, as well as the form of such verification. It was to be made after the time for hearing objections prescribed by statute, and the disposal of such objections as had been made. (1 R. S., 394, § 26). In 1851, an affidavit was substituted for the certificate of the assessors, but the substance of the affidavit was the same as of the certificate. By chapter 176 of the Laws of 1851, section thirty-six of the Revised Statutes with the four sections immediately preceding, were repealed. The repealed sections provided for a review of the assessment roll by the assessors during the month of August, and the correction of the assessments, and the verification of the roll by the certificate of the assessors. Section 209 of the Revised Statutes was so amended as, with §§ 5, 6 and 7 of the act of 1851, to furnish a substitute for the review

directed by the Revised Statutes, and to prescribe and regulate the duties of the assessors upon such review. Section 8 of the act of 1851 is the substitute for § 26 of the Revised Statutes, and follows immediately after the provisions regulating the review and correction of the assessments, and declares that "when the assessors, or a majority of them, shall have completed their roll, they shall severally appear before one of the justices of the town;" etc., and make and subscribe an oath in the form prescribed, which oath shall be written on the assessment roll, signed by the assessors and certified by the justice. The assessment roll, thus signed, is to be delivered to the supervisor of the town on or before the first of September, and by him delivered to the board of supervisors. (1 R. S., 394, § 27.) In the nature of things, and in the sequence prescribed by the statute, the roll cannot be verified until the time for review and the hearing of objections is passed, and the objections, if any are made, are disposed of. The roll is not and cannot be completed until then, and the duty of the assessors in preparing the roll and making the assessments cannot be fully performed and ended, until after the third Tuesday of August, the day assigned by statute for the meeting of the assessors to review their assessments. (Laws of 1851, *supra*, § 4.) The act of 1851 did not change the time for the completion of the assessment roll and its verification by the assessors. For the purpose of deposit for inspection, the roll is to be completed on or before the first of August; but for the purpose of verification and delivery to the supervisor, it cannot be completed until after the time fixed for its final review and correction.

The affidavit of the assessors to the assessment roll before us was made on the 29th of July, although it purported to have been made on the 26th of that month. But the assessors could not by law then make the affidavit required. They had other duties to perform to complete the roll before it could be verified, and the time had not arrived when by law they could declare it completed and verify it as the completed and perfected roll. The affidavit was a nullity, and the defect

appearing on the face of the paper by the date of the jurat, it conferred no jurisdiction upon the board of supervisors to impose a tax upon persons or property named therein.

It follows that the supervisors imposing the tax and signing the warrant to the collector were without jurisdiction and liable as trespassers.

The affidavit made a part of the assessment roll delivered to the collector with the warrant, and as it disclosed the want of jurisdiction in the board of supervisors to act, the process furnished no protection to that officer. (*Van Rensselaer* v. *Witbeck, supra.*) In *Parish* v. *Golden* (35 N. Y., 462), in the affidavit annexed to the assessment roll, a single clause was omitted, which the court may not have thought of the substance of the verification. The judge delivering the prevailing opinion was evidently of the opinion that the affidavit was a substantial compliance with the statutes. He says that the case was distinguishable from *Van Rensselaer* v. *Witbeck*, and while he thinks the latter case ought not to be extended, he is far from attempting to overrule it. The salutary doctrines of that case cannot be disregarded without encouraging a laxity in the discharge of official duty and endangering the rights of the citizen.

The rules which are prescribed for the protection of private rights ought not to be relaxed by courts, but should be rigidly adhered to and enforced.

It is not necessary to criticise the decision of *Parish* v. *Golden*, but it ought not to be regarded as shaking in the least the older case of *Van Rensselaer* v. *Witbeck*, or the principles upon which that decision was based.

The judgments in both actions should be reversed and a new trial granted.

All concur.

Judgment affirmed.