Parker, J.
This is a proceeding under section 2, title 11, chapter 298, Laws of 1883, to vacate an assessment made upon the tracks, road-bed, real estate and franchise of the Albany Railway Company, to defray the expense of repaving Washington avenue between Eagle street and Lexington avenue, in the city of Albany.
Section 29, title 9, of said chapter, makes it the duty of the board of contract and apportionment to apportion and- *487 assess all the expenses for work and improvements authorized by the common council, “except when the same are made by a city charge, among all the houses and lots or vacant lots and franchises intended to be benefited by such work and improvements, in proportion to the advantages which each shall be deemed to acquire, specifying the names of the owners or occupants, if known, or as they appear upon the tax rolls in the office of the receiver of taxes, of the houses and lots or vacant lots intended to be benefited, as far as the nature of the case will admit. Such apportionment shall he duly verified by the street commissioner and city engineer and surveyor; and ratified and approved by the board of contract and apportionment; and when thus far perfected, the said board shall cause notice of the same to be published in the official newspapers of the city of Albany for fifteen days, during which time the said apportionment and assesment shall be opened for inspection and examination by any person or persons interested;” * * *
The cost of the work in question was not a city charge, but was properly a charge against the houses, lots ana franchises intended to be benefited by the improvement and against such property the board attempted to assess it. The petitioner, however, claims that the action of the board in that respect was invalid, in that there was a failure to comply with the requirements of the statute by omitting to verify the apportionment. In statutory proceedings, affecting the property of the citizen, the requirements of the statute must be strictly pursued, and any substantial deviation from the procedure by law prescribed vitiates such proceedings. In Westfall v. Preston et al., 49 N. Y., 349, the affidavit of the assessors was made prior to the time fixed by statute, and the defect appearing upon the face of the papers, the couY" held that jurisdiction to impose a tax was not conferred.
In Merritt et al. v. Village of Portchester, 71 N. Y., 309, the commissioners of estimate and assessment omitted to take the oath prescribed by statute, before proceeding to apportion and assess the cost of improvement, and the court held that “the oath was one of the safeguards provided by statute for the protection of the property holder; and the legislature, by prescribing the form, made the form of the essence of the act. That which the legislature has directed courts cannot declare immaterial.”
Welty on on the law of Assessments, section 220, states the rule of law to be, that if the statutory “requirements be omitted or departed from in any matter that is material, or that is intended for the protection of the taxpayer, the assessment will be invalid. When the statute requires the *488 assessors to take an oath * * * the requirement becomes mandatory.”
• No form of verification is provided by the act in question, but it does provide that the board shall apportion and assess and that “such apportionment shall be duly verified” by two city officers therein designated, and in the prescribed order of procedure, the apportionment as made and verified, must be ratified and approved by the board of contract and apportionment, “and when thus far perfected,” and not until then, notice to the persons interested must be given in the manner designated.
The word verified has a well understood legal definition, and in the connection in which it is here used, it is apparent that it was intended to constitute a material and essential part of the formula prescribed for the protection of the property of the citizen. Unless, therefore, the apportionment attempted to be made was verified, there was a failure to comply with a substantial requirement of the statute, and the assessment was invalid. The board of contract and apportionment, in a book used for that purpose, in appropriate columns placed the names of the owners, and opposite each name respectively the size of the lot, number, valuation, whether vacant or improved, while the sixth and last column was headed, “ Amount of Washington avenue assessment,” but in that column no figures were placed, and while in that condition, and on the 11th day of September, 1886, the - street commissioners and city engineer and surveyor at the end thereof affixed their verification. At that time the so-called apportionment did not contain any of the several sums which the board, had determined to apportion and assess against the property of the several owners or occupants.
The sums apportioned were placed upon separate sheets of paper, in no wise connected with or made a part of the book in which was contained the names of the. owners, size of lots, verification, etc., neither was there any verification attached to or made a part of said separate sheets of paper. Members of the board in explanation claim, that which is undoubtedly the fact, that it was their intention to insert the amounts of the several assessments in the the appropriate column after review, and they were omitted from the book in the first instance, so as to avoid erasures in the event of any changes being made by the board after hearing parties claiming to be aggrieved. Undoubtedly it was the intention of the board to comply with the law, and if intent alone constituted compliance, it could be found that the apportionment was verified, but it appearing upon the face of the papers that the verification was in no wise connected with or affixed to the apportionment, and no *489 words appearing upon either, referring to the other, the defect cannot be supplied by proof that the figures shown upon outside and disconnected sheets of paper constituted the apportionment to which in the minds of the officers the verification was intended to refer.
In Albany City National Bank v. Maher, Receiver, etc. (6 Fed. Rep., 417), the assessors at the time of making the-assessment had in their possession a list of the stockholders of the bank and the number of shares held by each, which list was prepared for their use as assessors by the officers of the bank. After a review of the assessments the roll was copied into a book, and the names of the shareholders, with the assessable value of their shares, was also transcribed from this list into the same book.
In disposing of the question presented, the court say:. “It is fair to infer that the board of assessors regarded the-list thus kept by them as part of the assessment roll, although it was not physically annexed to the roll, and. supposed that it was a substantial compliance with the-law,” and “that the officers of the complainant and its-several shareholders understood that this list was kept by the assessors, and regarded by them as part of the assessment roll,” and held that it was not a literal, nor a substantial compliance with the statute, and therefore void.
The failure to verify the apportionment in this case was-a disregard of material and essential requirements of the-statute, rendering invalid the acts of the board of apportionment in respect 'thereto. Upon the argument, the-learned counsel to the corporation urged with much ingenuity that should it be held that there was no verification, of the apportionment still the petitioner is not a party aggrieved within the meaning of the law,.nor has substantial error been committed.
It is unnecessary, however, to discuss that point here, as-since the argument of the case, Mr. Justice Edwards, in matter of Perry v. City of Albany, in a well considered opinion, in which I fully concur, reached a conclusion which requires that it be held in this case, that substantial error was committed, and that the complainant is a, party aggrieved.
As the conclusion reached must result in vacating the assessment so far as this petitioner is concerned, the other questions raised on the application are not considered. The assessment as to this petitioner must be vacated, with costs of the proceeding.