## KANE *v.* CITY OF BROOKLYN.

*(Supreme Court, General Term, Second Department.* May 14, 1888.)

1. MUNICIPAL CORPORATIONS—TAXATION—OATH OF ASSESSORS.

An oath by all the city assessors, numbering eight, that at least two of them had examined within the year each piece of land assessed, is a sufficient compliance with the provision in the Brooklyn city charter requiring that a tax-roll shall be sworn to by at least two of the assessors, and shall contain an additional clause that they have personally examined within the year past every lot of land assessed.

2. SAME—TAXATION—DESCRIPTION OF PROPERTY.

Under Laws N. Y. 1885, c. 405, amending Brooklyn city charter, and requiring that an advertisement for tax sales shall refer to a list which shall designate the ward, block, and lot numbers, the street or avenue, and other particulars of the property, and providing further that it shall be no objection to the validity of a sale that the list incorrectly states or omits any matter required to be stated, provided that the ward, lot, and block numbers are correctly stated, a list which gives the latter particulars correctly is not fatally defective for incorrectly stating the number of the avenue on which a lot is situated.

3. SAME—TAXATION—OPENING ASSESSMENT BOOKS—SUFFICIENCY OF NOTICE.

A public notice that assessment rolls for the year have been completed, and copies can be seen and examined by any one interested; and that the board would be in session to review the rolls on the application of any persons considering themselves aggrieved, is a sufficient compliance with the provision in the Brooklyn city charter requiring public notice that the assessment books are open, and that any one aggrieved by the valuation put upon his property may make application to have it corrected.

4. SAME—TAXATION—RETURN OF ARREARS BY COLLECTOR—AUTHENTICATION.

Under the provision in the Brooklyn city charter requiring the tax collector to make a return to the registrar of arrears of unpaid taxes on sheets corresponding in size and ruling, etc., such return need not be authenticated by an accompanying certificate.

5. SAME—TAXATION—SIGNING TAX-ROLLS BY SUPERVISORS.

Where a warrant annexed to tax-rolls was signed by the supervisors, the rolls were sufficiently signed, under Laws N. Y. 1878, c. 346, requiring that tax-rolls in the city of Brooklyn be signed by the supervisors.

Appeal from special term, Kings county; BARTLETT, Justice.

Action by Edward Kane against the city of Brooklyn to set aside a certificate of tax sale, and to restrain the issuing of a deed of the premises. Judgment for defendant, and plaintiff appeals. A provision in the charter of Brooklyn requires public notice to be given that the tax assessment books are open at a certain time, and that any one aggrieved by the valuation put upon his property may make application to have it corrected. The notice given in this instance was that the assessment rolls for the year had been completed, and that copies could be seen and examined by any one interested, and that the board would be in session to review the rolls on the application of any considering themselves aggrieved. The charter also requires the tax collector to make a return of unpaid taxes, etc., and the appellant in this suit maintained that an accompanying certificate of authentication was necessary. Laws N. Y. 1878, c. 346, requires, *inter alia*, that tax-rolls in the city of Brooklyn be signed by the board of supervisors. In the case at bar the warrants annexed to them only were signed. Laws N. Y. 1885, c. 405, amending the Brooklyn city charter, requires that all advertisements for tax sales shall refer to a list of the land upon which taxes shall be returned unpaid, which list shall designate the ward in which the land is situated; the block and lot number, the street, avenue, or road, etc.; also that it shall be no objection to the validity of any sale that the list incorrectly states or omits to state any matter required, provided that the ward, block, and lot numbers are correctly stated. In the present case the number of the avenue was incorrectly stated.

*William J. Gaynor,* for appellant. *Almet F. Jenks,* for respondent.

BARNARD, P. J. Whatever appearance of incongruity is contained in the oaths taken by the assessors in this case is due to the law which prescribes its

form. There are eight assessors in the city of Brooklyn. The assessments are made by wards, and the usual oath in towns is called for by chapter 863, Laws 1873, tit. 10, § 9. The charter further provides that the roll shall be sworn to by at least two of the assessors, and shall contain an additional clause that they have personally examined within the year past every lot of land assessed. The oath must be taken by at least two that they have examined the land. In this case all the assessors swore to the roll, and they all swore that at least two of the assessors made the examination of each piece of land assessed within the year. The form of the oath does not require the assessors to state which two assessors examined each lot together,—that would be an endless task; nor did it provide that only two should swear to the roll, which should be the two assessors who personally made the examination. No special two were designated to make the oath or the examination. The oath conforms to the law. It states that at least two assessors made the personal examination required. It will bear the construction that all the assessors examined together every lot assessed, although the fact is expressed in the statute words if at least two assessors did so. The notice to review the assessment roll, and correct the same, as to any person aggrieved, complied with the law. It is not the appraisal record of valuations which was to be corrected. These valuations went into the roll, and notice was given of the compilation of the roll, and fixing a day of hearing for persons claiming correction. This was a substantial compliance with the request of the charter. *Westfall* v. *Preston*, 49 N. Y. 349. The essential requirement of the statute on making up of the roll, and the notice of the completion, so that grievances may be presented and tried, was done. The statute does not in terms indicate how the unpaid taxes are to be returned by the collector to the registrar of arrears "on sheets corresponding in size and ruling," which are to be bound. There is no apparent requirement for a certificate to the sheets so returned. The notice of sale gives the correct ward, block, and lot numbers, and all other inaccuracies are cured by chapter 405, Laws 1885. The tax-rolls were sufficiently signed. The warrant was annexed to them, and signed by the supervisors, and this is all that is called for by chapter 346, Laws 1878. The judgment should therefore be affirmed, with costs.

PRATT, J., concurs.