(30 Misc. Rep. 641.)

PEOPLE ex rel. AMERICAN THREAD CO. v. FEITNER et al., Com'rs of Taxes of the City of New York.

(Supreme Court, Special Term, New York County. March, 1900.)

1. CERTIORARI—GROUNDS OF ISSUANCE.
   A writ of certiorari will issue to review a void assessment of taxes.
2. SAME—DISCRETION OF COURT.
   A writ of certiorari, whether statutory or common-law, may be had to review a void assessment of taxes, as matter of right.
3. SAME—PETITION FOR WRIT.
   The provision in Tax Law, art. 11, §§ 250–256, that a petition for a writ of certiorari to review an action of the commissioners must contain a statement that "application has been made in due time to the proper officers to correct such assessment," does not apply to a writ for the purpose of reviewing a void assessment.

On certiorari by the American Thread Company against Thomas L. Feitner and others to review the action of the board of commissioners of taxes. On motion to quash the writ. Motion denied.

Paul Armitage, for relator.

John Whalen, Corp. Counsel (James M. Ward, of counsel), for respondents.

BEEKMAN, J. The relator, having been assessed by the respondents for purposes of taxation for the year 1899, has sued out a writ of certiorari to review the action of the board, on the ground that the

latter had no jurisdiction to make the assessment, because the relator is a foreign corporation, neither doing business in the state, nor having any property therein. A motion is now made by the respondents to quash the writ on the ground, as stated in the notice of motion, "that the court was without jurisdiction to issue said writ, and that the said writ was inadvertently issued." It is admitted for the purposes of the motion, at least, that the assessment complained of is null and void for the reasons above stated, so that the only question which is presented to the court is whether, under such circumstances, the writ was properly issued.

The first contention advanced by the counsel for the respondents is that certiorari will not lie to review a void assessment. This, however, is no longer an open question; the appellate division having expressly decided the contrary. People v. Feitner, 41 App. Div. 544, 58 N. Y. Supp. 648. It is there said (page 547, 41 App. Div., and page 650, 58 N. Y. Supp.):

"In the case now before us the assessment was made by properly constituted legal authorities. The assessment was illegal because the relator was not subject to assessment for the purposes of taxation, or to taxation, in the city and county of New York. In that sense, the assessment against it was void, and it was illegal in consequence. There is nothing in section 250, nor in any other provision of the general tax law, which would limit the effect of the word 'illegal' as applied to an assessment such as that against this relator; and in none of the cases that have been cited or examined has it been declared as an absolute rule that in no case of a void assessment will a writ of certiorari be allowed. The furthest that the courts have gone is to say that a writ of certiorari will seldom be allowed to review a void assessment."

The next contention advanced in support of the motion is that the writ was inadvertently granted, which is assumed to mean that the power of the court was improvidently exercised. This proceeds upon the theory that the case at bar is not one which presents such exceptional features as to call for the exercise of discretion in favor of the issuing of the writ. The answer to this is plain. In the first place, if the writ was applied for under article 11 of the tax law (sections 250–256), it was the duty of the court to grant it. In re Corwin, 135 N. Y. 245, 249, 32 N. E. 16. In the second place, if the writ might be regarded as a common-law writ,—and it seems that the statutory writ provided for in the tax law is not exclusive of the other (People v. Feitner, supra),—the answer is that for more than 40 years the right to a certiorari to review assessments for purposes of taxation in the city of New York has been repeatedly declared and conferred by statute (section 24, c. 677, Laws 1857; section 20, c. 302, Laws 1859; section 821, c. 410, Laws 1882; section 2, c. 311, Laws 1885; section 906, c. 378, Laws 1897,—Greater New York Charter). In the case of each of these statutes the issuing of the writ is, in terms, mandatory upon the court. Prior to 1885 the purpose of the writ was declared to be "to review or correct on the merits" any decision or action of the tax commissioners. By the above-cited act of that year the grounds for review were stated to be illegality or error by reason of overvaluation; and by section 906, c. 378, Laws 1897, the function of the writ was expanded so as to include cases of inequality in the assessment of real property. In none of these statutory provisions is

there any reference to the particular kind of writ of certiorari, whether statutory or at common law, which should be resorted to. Indeed, prior to the passage of chapter 269, Laws 1880, now embodied in the sections of the tax law above cited, the only writ which could issue in such cases was the common-law writ. It follows that if, as seems to have been decided, the court has power to issue either form of writ to review an assessment on the ground of illegality, which includes an assessment void for want of jurisdiction in the assessors to make it, the mandatory provisions of the city charter requiring a writ of certiorari to issue for the purposes of such a review are as applicable to one form of the writ as to the other. Apparently, as the law now stands, a party assessed in the city of New York may resort, as a matter of right, to either the statutory writ or to the common-law writ, as regulated by sections 2120–2144 of the Code of Civil Procedure. It is true that section 2127 of the Code provides that the granting or refusal of the writ is discretionary with the court, but this is necessarily qualified, as in the case here, by other statutory provisions declaring in special cases that the writ must be issued.

The remaining point made by the counsel for the respondents is perhaps more difficult of solution. Under the sections of the tax law above mentioned, it is required that the petition for the writ must contain a statement that "application has been made in due time to the proper officers to correct such assessment." This provision is a new one, and was not contained in chapter 269, Laws 1880. The petition in the case at bar does not contain any such statement. Indeed, it appears from the papers that the relator was entirely unaware that it had been assessed until after the time had passed for making any objections before the tax commissioners. As the relator has taken a writ returnable at special term, in conformity with the tax law, and not to the court for hearing at the appellate division, as the Code requires where the common-law writ is applied for, the writ must be regarded as the statutory one, and it therefore becomes necessary to consider whether the omission of the statement above referred to is fatal to this proceeding. It was doubtless the general rule, prior to any legislation on the subject, that no relief would be granted under the writ if the party aggrieved had failed to present his objections to the assessors within the time provided by law for that purpose. A distinction, however, in this regard seems to have been drawn between cases where the assessment was merely erroneous and those where it was void for lack of jurisdiction. People ex rel. Paddock v. Lewis, 55 Hun, 521, 9 N. Y. Supp. 333; People ex rel. West Shore R. Co. v. Adams, 125 N. Y. 471, 484, 26 N. E. 746. In the Paddock Case the question is quite elaborately reviewed, and the conclusion of the court was that "a party outside of the jurisdiction was under no obligation to appear before the assessors, and he cannot be presumed to know that an illegal tax is about to be assessed against him." In the West Shore Case the court, while holding that the failure of the relator to apply to the assessors for the correction of the assessment complained of, within the time allowed by law for that purpose, was fatal to the writ, states at the same time that the case was rather one "of overassessment than of a void assess-

ment, as to which, possibly, a different rule would apply." The distinction certainly seems to be a reasonable one, and has support in authority. In the one case the assessors, having jurisdiction, have made a valid assessment, but one which is open to correction. In the other case there is, in the eye of the law, no assessment at all, but only an attempt to make one, which is at all times open to challenge on the ground of its invalidity. It would be a clear misuse of language to speak of "correcting" such an assessment. There is but one remedy for it, and that is to cancel it or strike it from the assessment roll, and such is the form of relief which the statute prescribes in such cases. It is evident that the legislature had this distinction in mind when requiring the petition for the writ to contain the statement that "application has been made in due time to the proper officers to correct such assessment." It must be assumed that the word "correct," as thus used, was employed in its ordinary sense, and in accordance with its proper meaning in connection with the particular subject-matter to which it referred. Such meaning naturally and properly refers the provision in question to an erroneous assessment, which presupposes jurisdiction, but imports error in the manner of exercising it. Had the language been "to correct the assessment roll with respect to such assessment," it would have been aptly used with reference to illegal as well as erroneous assessments; but, under the statute as it stands, no such breadth of meaning can properly be given to it. That the provision in question was intended by the legislature to relate only to cases where a review is sought on the ground that the assessment is erroneous is further emphasized by the provision of section 253 of the tax law, which defines the relief that the court may grant in the proceeding. It is there provided that the court "may order such assessment, if illegal, to be stricken from the roll, or, if erroneous or unequal, it may order a reassessment of the property of the petitioner or the correction of his assessment upon the roll, in whole or in part." In the use here made of the word "correction" we have a certain guide to the sense in which the word "correct" was used in the previous section. Where the assessment is illegal (that is, a legal nullity), it is appropriately required to be stricken from the assessment roll; but where there was authority to make it, but error only in the manner of making it, the direction, with equal aptness, is that it should be corrected. Similar words or phrases contained in a statute are to be given the same meaning, unless the contrary plainly appears. Another rule which is equally well founded is the fundamental one that:

"It is the spirit and purpose of a statute which are to be regarded in its interpretation, and, if these find fair expression in the statute, it should be so construed as to carry out the legislative intent, even although such construction is contrary to the literal meaning of some provisions of the statute." People v. Lacombe, 99 N. Y. 43, 49, 1 N. E. 600.

It is, I think, quite plain that the legislature intended that the statement under consideration should be inserted in the petition only in cases where the assessment is sought to be reviewed on some other ground than that it is "illegal," as that word is used in the statute. The same question arose at special term in the case of People v.

Feitner, supra. The facts of that case were the same as those of the case at bar. A similar motion to quash was also made on the ground, among others, that the petition did not contain the statement for the absence of which this proceeding is assailed. The motion was denied on the ground that, where the complaint is that the assessment was void, the statute, properly construed, did not require the petition to contain any such statement. Upon the appeal to the appellate division that point was not passed upon, the court saying that it was admitted by the counsel for the respondents in his brief that no application to the commissioners was necessary in such a case. Notwithstanding this, the question has been again raised here. My conclusion is that the objection is untenable, and that the writ was properly issued.

Motion denied, with $10 costs.