(40 Misc. Rep. 553.)

### PEOPLE ex rel. DUFOUR et al. v. WELLS et al., Tax Com'rs.*

(Supreme Court, Special Term, New York County. May, 1903.)

1. TAXATION—ASSESSMENT AGAINST FIRM.

Under Laws 1896, p. 803, c. 908, § 21, as amended by Laws 1899, p. 1594, c. 712, § 3, requiring an assessment to be made in such manner as to describe the person taxed, and the value of his personalty, an assessment against nonresident partners for personal taxes, made in the firm name, is void.

Application by the people, on the relation of Anton Dufour and others, for a writ of certiorari to James L. Wells and others, commissioners of taxes. Motion to quash writ. Denied.

*Reversed in 83 N. Y. Supp. 387.

Edmund L. Cole, for relators.

E. Crosby Kindleberger, for respondents.

BISCHOFF, J. The relators are nonresident copartners doing business as Dufour & Co., and have obtained a writ of certiorari to review an assessment for personal taxes; the ground of their petition being that the assessment has been made against Dufour & Co., the firm, instead of against the partners as individuals. No objection to the assessment having been presented to the commissioners, the certiorari proceedings are maintainable only upon the theory that the assessment was void, since, if the commissioners acted within their jurisdiction, the relators' failure to present their objections first to them would defeat the proceedings. People ex rel. American Thread Co. v. Feitner, 30 Misc. Rep. 641, 64 N. Y. Supp. 321; People ex rel. Rendrock Powder Co. v. Same, 41 App. Div. 544, 58 N. Y. Supp. 648. The question of the validity of an assessment in this form is presented by the respondents' motion to quash the writ.

While the tax upon the personal property of nonresidents, which is employed in their business within the state, is deemed to be a tax upon the property itself, rather than against the individual (City of New York v. McLean, 170 N. Y. 374, 63 N. E. 380), the assessment is regulated by the same provisions of law which apply to personal taxes upon the property of residents. Tax Law (Laws 1896, p. 800, c. 908, § 7). The statute requires that the assessment shall be made in such manner as to describe the "person" taxed, and the value of the property of that "person," after deducting all the debts owing by him. Tax Law, § 21, and Amendment Laws 1899, p. 1594, c. 712, § 3. In no possible aspect is a partnership a "person," nor is the aggregate property employed by the partners in the business property of a "person," nor is the firm's property the measure of each partner's interest for taxation. The property of each individual, lessened by his debts, is the basis of the tax. The law so provides, for the benefit of the taxpayer, and a strict compliance with the terms of the law, in the manner of making the assessments, is essential to the legality of the assessment. Cooley, Tax'n, 259, 260–280. Unless the statute provides to the contrary, an assessment for taxation of partnership property must be made in the names of the individuals composing the firm. Id. 271.

This assessment cannot be held irregular, merely, and within the jurisdiction of the commissioners to make, upon resort to a construction of the statute which would render its provisions for the laying of assessments not mandatory, but directory. The rule stated by the text-writers and supported by authority renders the validity of the assessment dependent upon compliance with the law in the initial steps which the law details, and there was certainly no compliance here. Westfall v. Preston, 49 N. Y. 349; May v. Traphagen, 139 N. Y. 478, 34 N. E. 1064; Sanders v. Downs, 141 N. Y. 422, 36 N. E. 391.

But one scheme of assessment is provided by section 21 of the tax law, whether the tax is upon residents or nonresidents, and there is no authority for taxing foreign partnerships, except in accordance with this section. Section 7, which refers to the power to tax nonresidents "doing business either as principals or partners," is not a

regulation of the steps to be taken for the assessment, and cannot possibly be given the meaning that nonresidents may be taxed as partners, while residents may not. Unless section 21 is to be complied with, as governing the method of making assessments in all cases, a firm composed of both residents and nonresidents could be taxed upon the firm's capital, and the personal tax enforced by resort to the personal liability of one resident partner—a result which is certainly not intended by the tax law. Motion to quash writ denied, with $10 costs.

Motion denied, with $10 costs.