(85 App. Div. 440.)

PEOPLE ex rel. DUFOUR et al. v. WELLS et al., Commissioners of Taxes and Assessments.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. TAXATION—COPARTNERSHIP—NONRESIDENT MEMBERS—METHOD OF ASSESSMENT.
     Where all the members of a firm doing business in the city of New York were nonresidents, the tax commissioners properly assessed to them as copartners, jointly, the value of the firm property invested in the state.
2. SAME—ASSESSMENT ROLL.
     Tax Law, c. 908, p. 795, Laws 1896, prescribes the methods of the assessment of property for taxation. Section 3 provides that all personal property within this state is taxable, unless exempt. Laws 1896, p. 800, c. 908, § 7, provides that nonresidents doing business in the state shall be taxed on the capital invested, as personal property, at the place where such business is carried on. Section 20 provides that the assessors shall annually ascertain the property and the names of all the persons taxable therein. Section 21 provides that they shall "set down: (1) In the first column the names of all the taxable persons in the tax district * * * (4) In the fourth column the full value of all the taxable personal property owned by each person respectively. * * *" Held that, where all the members of a firm doing business in New York City and having property therein were nonresidents, the statute was complied with when

the firm was designated by the name under which it did business, and it was unnecessary to insert in the assessment roll the individual names of the copartners.

O'Brien, J., dissenting.

Appeal from Special Term.

Certiorari by the people, on the relation of Anton Dufour and another, against James L. Wells and others, commissioners of taxes and assessments of the city of New York. From an order denying a motion to quash the writ of certiorari to review an assessment for taxation of the relators (82 N. Y. Supp. 866), respondents appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

James M. Ward, for appellants.
Edmund L. Cole, for respondents.

INGRAHAM, J. The relators have obtained a writ of certiorari to review an assessment by which there was assessed in the firm name of Dufour & Co., who are residents of Switzerland, and as partners doing business in the city of New York, as the value of the personal estate subject to taxation, $25,000. The petition alleges: That the board of taxes and assessments of the city of New York entered upon the assessment roll of the county of New York for the year 1892 the following assessment:

| Index. | Personal Estate. | Business. | Place of Business. | Residence. | Value of Personal Estate. |
|---|---|---|---|---|---|
| 1436 | Assets to Dufour & Co. | Silks. | 35 S. William. | Switzerland. | $25,000 |

—That the relators constitute the copartnership of Dufour & Co. That the petitioners, "as such firm of Dufour & Co., and as well individually, claim to be aggrieved by the action of the said commissioners of taxes and assessments, as such board of taxes and assessments, in and by reason of their illegally and without jurisdiction assessing as aforesaid the capital invested in business as personal property in the state of New York by your petitioners, January 13, 1902." That "such illegality was the assessment as aforesaid of the value of the capital invested in business, as personal property in the state of New York, by your petitioners to, against, and in the name of Dufour & Co., when by the tax law of the state of New York the assessment of the capital so invested could only be made severally to the said Christopher Tobler and Anton Dufour as their taxable capital so invested as aforesaid might appear and be on January 13, 1902."

The commissioners of taxes and assessments moved to quash this writ, and it is conceded by the relators that if the commissioners had authority to make "in and to the partnership name of Dufour & Co. any assessment of the capital invested in business as personal property in this state by Anton Dufour and Christopher Tobler severally, and the assessment roll is a compliance with the tax law, the motion to quash the writ should have been granted."

The sole question presented on this appeal, therefore, is whether

the assessment is void by reason of the failure of the tax commissioners to insert in the assessment roll the individual names of the copartners, and assess to each copartner separately the value of the property that each copartner has invested in business in this state. The relators are copartners, residents of Switzerland. They are carrying on business in this state, and concededly have, as a firm, invested in such business in this state the sum of $25,000. It is the copartnership that has that sum invested, not the individual members of the copartnership, and it would be impossible for the tax commissioners or the relators themselves to tell how much of that $25,000 thus invested in this state belonged to the individual copartners. That necessarily would depend upon the interest that each partner respectively had in the assets of the firm, and would require an accounting between the members of the firm before the interest of each copartner in the assets of the firm, a portion of which was invested in business in this state, could be determined. These relators, therefore, as copartners, having a sum of money invested in this state, all members of the copartnership being nonresidents, the tax commissioners were necessarily required to assess to them as copartners, jointly, the value of the copartnership property which was invested in this state.

The only remaining question is whether, to make a valid assessment, it was necessary to insert in the assessment roll the individual names of the copartners, or whether it was sufficient to assess the copartners under the firm name with which they did business. An assessment against a copartnership which contained resident as well as nonresident members would be governed by an entirely different rule, for there the nonresident could only be assessed the amount of his interest in the copartnership which was invested in business in this state. As to the resident partners, they would be assessed upon the value of all their personal property situated or owned within this state. But where a firm, consisting entirely of nonresidents doing business within this state, had invested a portion of their capital here, the taxing officers have no jurisdiction over the persons of the members of the firm, and acquire a right to tax only by virtue of jurisdiction which the state has over property within its boundaries, and the power of taxation is therefore limited to the amount of the property of the copartnership that is actually located within this state.

We think an examination of the statutes under which this assessment was made justified the taxing officers in adopting the method adopted in this case, and that the tax is not illegal. By the tax law (chapter 908, p. 795, Laws 1896) there is prescribed the methods of the assessment of property for taxation, and the imposition and collection of the taxes. Section 3 provides that all personal property situated or owned within this state is taxable, unless exempt from taxation by law. Section 7 (Laws 1896, p. 800, c. 908) provides:

"Nonresidents of the state doing business in the state, either as principals or partners, shall be taxed on the capital invested in such business, as personal property, at the place where such business is carried on, to the same extent as if they were residents of the state."

It is under this section that the assessment in question was made. Nonresidents doing business as partners are to be taxed on the capital

invested in business in this state as personal property at the place where such business is carried on, and they are to be taxed to the same extent as if they were residents of the state. There is nothing in this section that prescribes that the provisions as to the methods of assessment of partners doing business in this state shall be the same as individual residents. The taxation is to be to the same extent as if they were residents, i. e., that taxes imposed upon property invested in business in this state are to be the same as that imposed upon residents. The personal property of residents is to be assessed and taxed in the tax district where they reside, no matter where the personal property owned by such resident is. Section 8, c. 908, p. 800, Laws 1896. Article 2 of the act provides the method of making the assessment. Section 20, Laws 1896, p. 803, c. 908, provides that the assessors in each tax district shall annually, between May 1st and July 1st, ascertain by diligent inquiry all the property and the names of all the persons taxable therein. Section 21, Laws 1896, p. 803, c. 908, provides for the preparation of the assessment roll. The assessors in each tax district are to prepare—

"An assessment roll containing five separate columns, and shall, according to the best information in their power, set down: (1) In the first column the names of all the taxable persons in the tax district. * * * (4) In the fourth column the full value of all the taxable personal property owned by each person respectively after deducting the just debts owing by him."

Strictly construed, there would appear to be no provision in this section which applies to a copartnership all of the members of which are nonresidents. The assessors are to set down in the first column the names of all taxable persons in the tax district. Now, neither of these relators was a person taxable within the city of New York. The taxing officers had no jurisdiction over either of these persons, and could assess no tax upon either of them. There was certain property within this district belonging to the relators which was subject to taxation, but neither of the relators was a taxable person in this tax district. The provision of this section must be read in connection with section 7 of the act to which attention has been called, and undoubtedly the taxing officers were bound to ascertain the nonresident firm or copartnership who had property invested in business in this state, and assess such property for taxation; and they were bound in some way to designate the partners owning the property thus subject to taxation, and then assess the value of the property so invested which was subject to taxation; but the taxation was against the property, over which the state had jurisdiction, and not against the individual members of the firm who owned the property that was here invested and which was subject to taxation. In City of New York v. McLean, 170 N. Y. 374, 63 N. E. 380, the court says: "It is a principle well established by the decisions in this state, and elsewhere, that assessors have no jurisdiction of the person of one who does not reside within the district to which their jurisdiction extends." The tax, therefore, is one against the property, and not against the individual; and I can find no provision in the tax law which requires the names of the individual copartners who are nonresidents, and who have money invested as a copartnership in this state, to be inserted in the tax roll.

Where a resident of this state is assessed for taxation,, it is essential that his name and the amount of his property assessed for taxation should be entered in the tax roll; but where all members of a copartnership are nonresidents, and the copartnership has property invested in business in this state, it would appear that the statute is complied with where the copartnership is designated by the name under which it does business, and the amount of the copartnership property invested is assessed as the property upon which the tax is imposed.

It follows that the order appealed from is reversed, with $10 costs and disbursements, and the writ of certiorari quashed, with costs.

VAN BRUNT, P. J., and McLAUGHLIN and HATCH, JJ., concur. O'BRIEN, J., dissents, for the reasons stated in the opinion of the learned judge at Special Term (82 N. Y. Supp. 866).