GERTRUDE FORD, Plaintiff, *v.* EDWARD S. AGOR, Defendant.

Supreme Court, Putnam County, June 14, 1922.

Taxation — sale of premises for unpaid taxes pursuant to special act (Laws of 1900, chap. 180) — special act has no application to method of assessment or proceedings prior to return of unpaid taxes — such proceedings governed by provisions of general Tax Law — Tax Law, §§ 36, 59, 82, 85, 134 and 135 not complied with — provision of special act as to publication of notice not complied with — no equities on behalf of purchaser at tax sale — deed declared void and set aside.

A tax deed made by the county treasurer of the county of Putnam pursuant to a sale for unpaid taxes under a special act (Laws of 1900, chap. 180) should be declared void and set aside, since it appears that said special act has no

application to the method of assessment or any proceedings prior to the return of unpaid taxes, all such procedure being regulated by the general Tax Law; that the provisions of the general Tax Law, sections 36, 59, 82, 85, 134 and 135, relating to the assessment, issue of the warrant, collection of the tax and sale were not complied with; and that the warrant having been improperly issued the collector acting thereunder was without authority and jurisdiction.

Publication of notice as to the parcels of land charged with unpaid taxes commenced on the eighth day of November was not a compliance with section 6 of the special act providing that such publication shall be made immediately after the first day of August.

There are no equities on behalf of the defendant, since after purchasing the property at the tax sale he knew that there was a mortgage on the property, the holder thereof, and the owner of the property, but sent no notice to any of these parties to redeem until the deed was recorded, nor was any notice given to the occupants of the premises.

ACTION to have declared invalid and void and to set aside a tax deed made in favor of the defendant by the county treasurer of Putnam county.

*Barnum & Barnum,* for the plaintiff.

*J. Bennett Southard,* for the defendant.

MORSCHAUSER, J.   This action was brought, among other things, to have declared invalid and void and to set aside a tax deed made by the county treasurer of the county of Putnam to the defendant, Edward S. Agor, of a certain farm in the town of Carmel, Putnam county, N. Y., containing approximately 188 acres of land.   The premises were conveyed to the plaintiff by one Eliza Maplesdon by deed dated September 14, 1905.   At the time of the conveyance to the plaintiff, and at all times subsequent thereto, and for the past thirty-one years the plaintiff was a resident of the city of White Plains, Westchester county, N. Y., and never resided in the town of Carmel, Putnam county, N. Y.

On the 16th day of September, 1905, the plaintiff executed a purchase-money mortgage for $4,000 upon the premises, which mortgage was thereafter assigned to J. Henry Carpenter, a resident of the city of White Plains, Westchester county, by assignment dated March 11, 1911.   There was due on this mortgage at the time of the commencement of this action the principal sum of $4,000, with interest from September 16, 1921.   The premises were assessed in 1917 for the taxes of 1918 in the sum of $5,650.

On April 15, 1915, one Charles Voris rented the premises in question, and sublet a portion thereof to his brother, William B. Voris.   Both Charles Voris and William B. Voris were residents of the town of Carmel, Putnam county, N. Y., and were in exclusive possession of said premises from April 15, 1915, up to and including a portion of the year 1921.   On December 24, 1918, the county

treasurer of Putnam county held a tax sale, at which sale he sold the premises in question to the defendant, Edward S. Agor, then county clerk of Putnam county and custodian of the records of said county, for the 1917 taxes amounting to $81.02, and thereafter on December 28, 1920, said Edward D. Stannard, county treasurer, delivered a document purporting to be a deed (to set aside which this action is brought) conveying said premises to Edward S. Agor in fee simple, subject only to the lien, if any, of unpaid taxes thereon, which deed was recorded in the office of the clerk of the county of Putnam by said Edward S. Agor as county clerk, on January 3, 1921, in book 119 of Deeds, page 343.

No personal notice of the tax sale aforesaid, nor any demand for the payment of the tax, was ever received by the plaintiff in this action or by William W. Ford, her husband, with whom she resided at White Plains, N. Y., or by Charles Voris or William B. Voris, the persons occupying the premises. The first notice that the premises had been sold for taxes received by any of the foregoing persons was a letter written by the defendant, Edward S. Agor, the county clerk of Putnam county and the purchaser of the premises at said tax sale, of which the following is a copy:

" Telephone connection.
                    " Edward S. Agor, Coal.
                    " Mahopac Falls, N. Y., *Jan'y* 7, 1921.
" Mr. J. Henry Carpenter,
                    " White Plains, N. Y.

" Dear Sir.— In 1918 the Ford farm in Carmel town, was sold for taxes to me. I later paid the taxes on it for the next two years, and according to a special act for Putnam county I was entitled to the deed to the property in December, 1920, which has been delivered to me by the county treasurer and recorded in Putnam county clerk's office. I note according to the records that you held a mortgage on this property, which according to the law is wiped out. As my deed reads free of all liens, except unpaid taxes, if any, I am writing you in this matter, the same as I would appreciate any one notifying me, if a similar occasion came up, in order that you may, if you so desire, protect yourself on the mortgagor's bond, which you can.                    " Very truly,
                                        " E. S. Agor.

" P. S. This is written with no desire to ' butt in ' on anybody, but thought probably you did not know the situation as it now is."

It appears from Mr. Agor's testimony that at the time of the sale, and long prior to the delivery of the deed, he knew that Mr. Carpenter held the mortgage upon the property, but that, after

the sale and before the time to redeem therefrom had expired, no notice was given to the owner of the property, the holder of the mortgage, or to the persons occupying the land, which said occupants were actual residents of the town of Carmel wherein said premises were situated.

The sale of the premises in question for unpaid taxes was attempted to be made under the provisions of a special act relating to unpaid taxes of the county of Putnam, being chapter 180 of the Laws of 1900. This act attempts to regulate the procedure for the collection of unpaid taxes after the return of the collector's warrant, and has no application to the method of assessment or any proceedings prior to the return of such unpaid taxes, all such procedure being regulated by the general Tax Law, which law contains specific directions and requirements as to the assessment of property for the purpose of taxation, the notice of the completion and filing of assessment roll, the issuance and return of the collector's warrant and all proceedings prior to the return of unpaid taxes, being chapter 62 of the Laws of 1909, as amended.

Section 158 of chapter 62 of the Laws of 1909, constituting section 158 of the Tax Law, makes the provisions of article 6 of said chapter 62 applicable to sales by the county treasurer and provides that said article 6 shall govern and control the action of the county treasurer and the same rights and remedies shall be deemed to exist as are provided for in said article 6 for sales by the comptroller for unpaid taxes. *Sheldon* v. *Russell*, 91 Misc. Rep. 278, 283; *Gabel* v. *Williams*, 39 id. 489. The provisions of sections 134 and 135 of the Tax Law have not been complied with. The assessors of the town of Carmel failed to comply with section 19 of chapter 323 of the Laws of 1916, amending section 36 of the Tax Law, in failing to publish a notice that " They have completed the assessment roll and that a copy thereof has been left with one of their number at a specified place where it may be *seen* and examined *by any person* until the third Tuesday of August next following.  *  *  * " (Words in italics in the foregoing are omitted from the notice as published, and a certified copy of which is in evidence.)

The tax was not properly extended upon the roll, as no resolution of the board of supervisors extending such tax appears. *People* v. *Hagadorn*, 104 N. Y. 516.

Section 59 of the Tax Law, as amended by Laws of 1916, chapter 323, section 33, provides in relation to the collector's warrant that " On or before December first in each year, or such date as may be designated by a resolution of the board of supervisors of any county, not embracing a portion of the forest preserve, not later,

however, than the first day of February in each year, the board of supervisors shall annex to the tax roll a warrant under the seal of the county signed by the chairman and clerk of the board, commanding the collector of each tax district to whom the same is directed to collect  *  *  *  the several sums mentioned in the last column thereof, opposite their respective names  *  *  *  on or before the first day of the following February where the same is annexed on or before the first of December, in each year, as above provided. But where, however, the time of annexing the same and performing the several duties herein imposed is deferred to a later date by resolution as aforesaid, then on or before the first day of May, following said later date, and further commanding him to pay over on or before the said first day of February or first day of May, as the case may be  *  *  *  all moneys so collected.  *  *  *"

An examination of the collector's warrant and certified copy offered in evidence shows that the warrant was not issued by the board of supervisors or sealed with the Putnam county seal until February 4, 1918, whereas section 59 of the Tax Law requires such warrant to be attached to the roll not later than February first. This provision was not complied with, and at the date when the warrant was issued, dated, sealed and attached to the roll the board of supervisors were entirely without jurisdiction to issue, date, seal and attach the warrant, and it was void and without force or effect, the time specified by law having expired. The warrant conferred no authority upon the collector, and his proceedings thereon and all subsequent proceedings for the return and collection of this tax were without jurisdiction and void, there having been a failure to substantially comply with the statute, which provisions are designed for the protection of the taxpayer and the preservation of his rights, and constitute a condition precedent to the legality and validity of the tax.  *Westfall* v. *Preston,* 49 N. Y. 349, 353.

Section 59 of the Tax Law requires that the warrant shall command the collector to collect the taxes on or before the first day of February, unless the time of performing the several duties imposed by the issuance and annexing of the warrant to the roll is deferred to a later date by resolution of the board of supervisors. The board of supervisors have no power to defer the issuing and annexing of the warrant to a date later than February first by the express wording of the statute (§ 59), and although no resolution whatever was passed by the board of supervisors, and the time for the collection of the tax was not extended upon application of the supervisor of the town, the warrant which was issued, sealed and annexed to the tax roll by the board of supervisors on February

fourth required the collection of the tax " on or before the 6th day of March, 1918," and the payment of the moneys so collected to the supervisor and to the town clerk " on or before the 15th day of March, 1918." ·The warrant, therefore, was fatally defective, and afforded no authority or basis for the collection of the tax, or any proceedings subsequent thereto.

The time for the collection of taxes remaining unpaid in any town may be extended by the county treasurer upon application of the supervisor of the town, but cannot be extended to a date later than May first following the issue of the warrant and then only upon condition that the collector has complied with all provisions of the warrant and that such extension does not extend the payment by the county treasurer of the said tax. No application was made by the supervisor, no formal extension was granted and the collector merely made a payment to the county treasurer and asked him to be allowed to keep the book a little longer. Even had an application been made by the supervisor of the town of Carmel to the county treasurer for an extension of the time for the collection of the tax and the return of the warrant, the county treasurer would have been without power or authority to extend such time beyond the first of April following the issuance of the warrant. Tax Law, § 85, as amd. by Laws of 1910, chap. 332, and Laws of 1916, chap. 323, § 48; Id. § 91. The collector's return was verified May 21, 1918, and the balance due the county treasurer was paid on May 22, 1918. Section 82 of the Tax Law (as amd. by Laws of 1916, chap. 323, § 47; chap. 332, § 2; Laws of 1917, chap. 39, § 2) directs that each collector shall immediately upon the expiration of his warrant make and deliver to the county treasurer an account of unpaid taxes. The collector's warrant expired on March 6, 1918, the time for execution of the warrant was not extended and could not in any event have been extended beyond April first, and the collector's return was verified May 21, 1918, and this is not a compliance with the provisions of section 82 of the Tax Law.

Chapter 180 of the Laws of 1900, being a special act in Putnam county, in prescribing the proceeding for the sale of unpaid taxes, directs (§ 6): " The county treasurer shall, immediately after the said first day of August cause to be published once in each week for six successive weeks, in the two newspapers  *  *  * a list or statement of the parcels of land charged with any such unpaid tax, penalty or interest,  *  *  *," which provision of the law was not complied with as it appears from the evidence that the publication of the notice prescribed by this section was not begun until the 8th day of November, 1918. This was not a

compliance with the provisions of the section requiring the notice to be published immediately after the first day of August.

There are no equities on behalf of the defendant for it appears from the testimony that, about six months after purchasing the property at the tax sale, the defendant examined the records to ascertain the condition of the title. He knew there was a mortgage on the property, the holder thereof, the amount thereof, and he knew who the owner of the property was, and to whom it was assessed, but sent no notice to any of these parties to redeem until the deed was recorded, and then wrote a letter to Mr. Carpenter, as set forth above, nor was any notice given to the occupants of said premises.

Without passing upon the question of the constitutionality of chapter 180 of the Laws of 1900, I am of the opinion that the provisions of law relating to the assessment, issue of the warrant, collection of the tax, and sale subsequently held did not comply with the requirements of the statutes, and that the warrant was improperly issued, and the collector, acting under said warrant, was without authority and jurisdiction, and that the sale was invalid and void, and the deed to the defendant, Edward S. Agor, was invalid and should be set aside, and that the defendant should surrender said deed to the county treasurer of the county of Putnam for cancellation upon receipt from the plaintiff of the amount actually paid by said defendant for taxes upon said premises, with interest. No costs.

Judgment accordingly._____